AMON, Appellant,

v.

**OHIO STATE MEDICAL BOARD, Appellee.**

[Cite as *Amon v. Ohio State Medical Bd.* (1990), 67 Ohio App.3d 287.]

Court of Appeals of Ohio,
Franklin County.

No. 89AP–1019.

Decided April 10, 1990.

*Smith & Smith* and *Kreig J. Brusnahan,* for appellant.

*Anthony J. Celebrezze, Jr.,* Attorney General, and *Brian L. Jeffries,* Assistant Attorney General, for appellee.

WHITESIDE, Judge.

This is an appeal by Joseph P. Amon from a judgment of the Franklin County Court of Common Pleas affirming an order of the State Medical Board revoking his license to practice osteopathic medicine. In support of his appeal, appellant has raised five assignments of error (labeled "statement of the issues") as follows:

"I. The trial court erred when it failed to remand the matter to appellee/state medical board.

"II. The trial court erred when it found that notice was not required to be provided to the attorney of record in the underlying criminal action.

"III. The trial court erred in finding appellant failed to respond within the statutory thirty-day period.

"IV. The trial court erred in failing to find undue prejudice in the receipt of notice on the last day in which a request for a hearing could be made.

"V. The trial court erred in failing to observe appellant's procedural due process rights under Ohio Revised Code Section 119.07."

The basic facts are not in dispute. Appellant was convicted of one count of conspiracy to distribute cocaine in violation of federal law pursuant to his guilty plea in the United States District Court for the Northern District of Ohio and sentenced to serve five years in federal prison. He was originally incarcerated on or about June 19, 1987 in the federal correctional institution in Milan, Michigan, and was transferred in July 1987 to the federal correctional camp in Terre Haute, Indiana.

The State Medical Board sent a letter dated September 9, 1987 addressed to appellant at the Milan, Michigan prison indicating the board's intention to determine whether to limit, reverse, suspend, or refuse to register or reinstate appellant's certificate to practice osteopathic medicine. Such letter notified appellant that if he wished to request a hearing he must do so within thirty days of the date of mailing of the notice. The notice was sent certified mail return receipt requested to the federal correctional institution in Milan, Michigan. The return receipt was returned to the board containing some marking which might constitute a signature.

In any event, the letter was forwarded to appellant in Terre Haute, Indiana, being received on or about October 9, 1987 by appellant, following which he immediately drafted a letter, explaining the delay in receiving the notice and requesting a hearing, which he mailed to the board by regular U.S. mail which letter was received by the board on October 20, 1987. On November 11, 1987, without directly addressing appellant's request, the board summarily revoked appellant's license to practice osteopathic medicine.

Although five assignments of error are set forth, only two issues are raised. One is whether notice was required to be sent to appellant's attorney as well as to him, and the other is whether the trial court erred in finding that the board did not abuse its discretion in failing to grant a hearing to appellant.

As to the first issue, we find no requirement that appellant's attorney be notified under the circumstances herein. Although appellant had been represented by counsel during the criminal proceedings, such counsel had made no representation of appellant with respect to the administrative matter before the State Medical Board. Rather, the initial letter was the commencement of the state board proceedings leading to revocation of appellant's

license to practice osteopathic medicine. R.C. 119.07 does provide that prior to issuance of an order, a party shall be notified of his right to a hearing if requested within thirty days and that:

" * * * [a] copy of such notice shall be mailed to attorneys or other representatives of record representing the party.

" * * *

"The failure of an agency to give the notices for any hearing required by sections 119.01 to 119.13, inclusive, of the Revised Code, in the manner provided in this section shall invalidate any order entered pursuant to such hearing."

The statement of the facts as set forth above is essentially from appellant's brief and the appellee, State Medical Board, in its brief, states that it " * * * agrees with Appellant's Statement of the Case." However, a review of the record indicates no record of any attorney representing appellant, and even in his letter requesting a hearing, he requested " * * * 90 days to prepare and secure a representative to appear in my behalf. * * * " However, a copy of such letter was indicated as having been sent to James Burke, Attorney. This, however, was after the mailing of the notice contained in the September 9, 1987 letter. There simply is no indication in the record of appellant's being represented by any attorney or other representative as of September 9, 1987 with respect to these proceedings of which the state board would have knowledge. Accordingly, we find no violation of R.C. 119.07 with respect to notification of an attorney, and the second assignment of error is not well taken.

 The record does contain a copy of the board's September 9 letter which contains a certified mail receipt number and a copy of a receipt for certified mail bearing that number which is postmarked on September 10, 1987. There is also a return receipt with some marking which may or may not be a signature and which is postmarked September 14, 1987 in Milan, Michigan.

Although relator's response is stamped "received October 20, 1987" by the State Medical Board, there is no indication as to the date it was mailed, the board having failed to retain the envelope which contained the postmark date indicating when the letter was mailed by appellant. With respect to ordinary filings, the date of receipt rather than the date of mailing is deemed the date of filing. However, with respect to inmates of prisons, ordinarily the date of delivery to prison authorities for mailing is deemed the date of filing. See *State v. Williamson* (1967), 10 Ohio St.2d 195, 196, 39 O.O.2d 231, 232, 226 N.E.2d 735, 736. Accordingly, the record is uncertain as to when appellant perfected his request for an adjudicatory hearing, there being no indication as

to when his letter request was delivered to prison authorities and his letter is undated. We do not at this time determine whether the prison-mail rule affects the beginning of the time for appeal when prison authorities delay receipt by appellant of the notice from the board of proposed action and the necessity of appellant requesting a hearing within thirty days after mailing of the notice.

R.C. 119.07 specifically provides that a person in the situation of appellant is entitled to a hearing if he requests one within thirty days of the time of mailing of the notice by the administrative agency. The record reflects that the notice was mailed September 10, 1987, although the letter was dated the day before, but was not received by appellant until October 9, 1987, although it was delivered to prison authorities at Milan, Michigan on September 14, 1987. Although appellant's request for hearing is not stamped received by the board until October 20, 1987, there is no indication as to when it was delivered by appellant to prison authorities for mailing.

Additionally, there is no indication that the State Medical Board even considered appellant's request for a hearing or the delayed delivery of the notice to appellant since the order states merely that appellant " * * * requested a hearing, but more than thirty (30) days had elapsed since the mailing of the aforesaid notice." The board did not note that at most forty days, rather than thirty, had elapsed despite appellant's incarceration, the delayed delivery of the notice and the uncertainty as to when appellant delivered his request to prison authorities for mailing.

In addition, the record does not reflect affirmatively that the notice was sent to appellant's last known address. Appellee, in its brief herein, argues that to the best of the board's knowledge, the address used was the last known address of appellant and that it was a duty of appellant to notify the board of his change of address when he was transferred to the federal correctional camp in Terre Haute, Indiana. The record does not support such contention. There is no indication in the record as to how the board obtained the address it utilized, nor is there any indication in the record that appellant failed to notify the board of his transfer. This may well be the fact, but there is no evidence in the record to support this contention of the board apparently raised for the first time on appeal. We note that the board's order in no way makes such a determination and that the certified record contains no evidence supporting the contention.

As we noted above, this is not a case of dilatory conduct on the part of the appellant, as is suggested in the board's brief as being the predicate for the rule, but instead, is prompt action by appellant as soon as he was afforded an opportunity to respond by action of prison authorities delivering his mail to

him. In short, there is no explanation for the reason that the notice was delayed from September 14, when it was allegedly received in Milan until October 9, when it was finally delivered by prison authorities to appellant.

Nevertheless, even though there be error in that the action of the board is not supported by the record, this does not necessarily require a reversal of the trial court's judgment. For error to justify reversal, such error must be prejudicial. As the grounds for disciplinary action by the State Medical Board, there simply is no dispute. The grounds for action by the State Medical Board was appellant's conviction of a felony involving conspiracy to distribute cocaine, a Schedule II controlled substance. Appellant concedes that this is true. Even his letter requesting a hearing essentially concedes "guilt" stating "[t]here can be no question to the fact that I have done wrong. * * * *" However, that letter then states that " * * * I would like to request a formal hearing so that mitigating circumstances of my case might be presented to the board. * * * *" In other words, appellant requested a hearing only for the purpose of presenting evidence in mitigation which would affect only the "punishment" or sanctions to be imposed by the State Medical Board, not appellant's guilt of the charge. Accordingly, there is no reversible error, there being no prejudice, with respect to the guilt determination by the State Medical Board. The prejudice is only with respect to mitigating circumstances and the failure of the board properly to consider appellant's request for a mitigation hearing. To this extent, the first, third, fourth and fifth assignments of error are well taken.

For the foregoing reasons, the second assignment of error is overruled, and the remaining assignments of error are sustained. The judgment of the Franklin County Court of Common Pleas is modified so as to affirm the order of the State Medical Board with respect to finding appellant "guilty" of violations of R.C. 4731.22(B)(3) and (9), but to reverse the order with respect to the imposing of the sanction of revocation of his osteopathic medicine and surgery license and to remand the matter to the State Medical Board for further consideration of appellant's request for a hearing and to conduct a mitigation hearing if such be required to be consistent with this opinion and the applicable law, and for such further proceedings as may be appropriate. This cause is remanded to the Franklin County Court of Common Pleas with instructions to enter an order effectuating such modification of its judgment and remanding this cause to the State Medical Board for appropriate action.

*Judgment affirmed in part*
*reversed in part and*
*cause remanded with instructions.*

REILLY, P.J., and PEGGY BRYANT, J., concur.