The STATE of Ohio, Appellee,

v.

OWENS, Appellant.

[Cite as *State v. Owens* (1997), 121 Ohio App.3d 34.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 16089.

Decided June 16, 1997.

*Mathias H. Heck, Jr.,* Montgomery County Prosecuting Attorney, and *Carley J. Ingram,* Assistant Prosecuting Attorney, Appellate Division, for appellee.

*Frank Floyd Owens, pro se.*

---

*Per Curiam.*

This matter comes before us upon appellant Frank Floyd Owens's application for reconsideration of our April 11, 1997 judgment dismissing his appeal for failure to file a timely notice of appeal.

In that ruling, we noted that Owens, an inmate at the Warren Correctional Institution, filed his notice of appeal thirty-four days after the trial court's journal entry denying his second petition for post-conviction relief. As a result, we concluded that Owens's untimely filing deprived this court of jurisdiction to consider the merits of his appeal.

In his application for reconsideration, however, Owens contends that he delivered his notice of appeal to prison authorities twenty-five days after the trial court denied post-conviction relief. Exhibits accompanying Owens's application substantiate his claim. Under these circumstances, Owens claims that the timely filing of his notice of appeal was beyond his control, and he urges this court to treat his delivery of the notice of appeal to prison authorities as the date of filing with the court.

Given Owens's presentation of documents verifying that he gave his notice of appeal to prison authorities within the thirty-day appeal period, we find his application well taken. "With respect to ordinary filings, the date of receipt rather than the date of mailing is deemed the date of filing. However, with respect to inmates of prisons, ordinarily the date of delivery to prison authorities for mailing is deemed the date of filing." *Amon v. Ohio State Med. Bd.* (1990), 67 Ohio App.3d 287, 290, 586 N.E.2d 1165, 1167, citing *State v. Williamson* (1967), 10 Ohio St.2d 195, 196, 39 O.O.2d 231, 232, 226 N.E.2d 735, 736. Accordingly, we grant Owens's request for reconsideration of our prior ruling, and we will proceed to the merits of his appeal.

Owens's appeal stems from his 1989 conviction following guilty pleas on one count of raping a child under age thirteen without force, six counts of corrupting a minor, and six counts of pandering sexually oriented material involving a minor. Owens initially filed a January 12, 1990 notice of appeal from the trial court's termination entry imposing a cumulative sentence of fifteen to eighty-five years in prison. Owens voluntarily dismissed this appeal, however, on March 6, 1990. Thereafter, Owens filed a petition for post-conviction relief with the trial court on November 5, 1991. The trial court subsequently denied the petition on June 19, 1992. Owens then filed a July 20, 1992 notice of appeal in the trial court giving notice that he was appealing the trial court's ruling to the United States Sixth Circuit Court of Appeals. Later, on August 11, 1992, Owens filed a motion in the trial court to dismiss his appeal to the Sixth Circuit. This court also dismissed Owens's appeal from the trial court's post-conviction relief ruling on January 20, 1993, for lack of prosecution. Owens then filed a second petition for post-conviction relief on June 5, 1996. The trial court denied the petition on July 19, 1996. In response, Owens initiated the present action by filing a notice of appeal on August 22, 1996, challenging the trial court's ruling.

Owens advances two assignments of error alleging ineffective assistance of his trial counsel and prosecutorial misconduct. Both assignments of error stem from Owens's assertion that his trial counsel guaranteed him a three-year prison sentence in exchange for his guilty pleas and forfeiture of his home and a television set. Owens also contends that the prosecuting attorney accepted the "secret" plea agreement but then refused to honor it. Owens insists that he did not express surprise, or even mention the agreement, at his plea hearing and sentencing because his counsel "used trickery, deception and coercion to force the accused to keep quiet and not question the proceedings * * *."

In support of his claims, Owens relies upon (1) the transcripts of his plea and sentencing hearings, (2) correspondence from his attorney concerning the forfeiture agreement, (3) the trial court's judgment entry ordering forfeiture of his property, and (4) affidavits from his father and a friend alleging the existence of

an agreement allowing Owens to plead guilty in exchange for a three-year sentence and forfeiture of his property. In its July 19, 1996 decision and order, the trial court found Owens's factual allegations and evidentiary materials contradicted by the record and insufficient to justify an evidentiary hearing.

After reviewing Owens's post-conviction relief petition and supporting evidentiary materials, his appellate brief, and relevant Ohio law, we conclude that the trial court properly granted the state's summary judgment motion without holding an evidentiary hearing. At the outset, we note that the present June 5, 1996 post-conviction relief petition is the second such petition Owens has filed.

Prior to September 21, 1995, R.C. 2953.23(A) permitted, but did not require, a trial court to entertain a second or successive petition for post-conviction relief based upon the same facts or newly discovered evidence. However, as the Eighth District Court of Appeals recently recognized in *State v. Martinelli* (Dec. 5, 1996), Cuyahoga App. No. 70120, unreported, 1996 WL 695635, a revised version of R.C. 2953.23(A), effective September 21, 1995, "forbids courts from entertaining second or successive petitions for postconviction relief unless the petitioner shows both that he was unavoidably prevented from discovering the facts upon which the petition relies to present the claim for relief and that the petitioner shows by clear and convincing evidence that, but for the constitutional error at trial, no reasonable fact finder would have found the petitioner guilty of the offense of which the petitioner was convicted."

Consequently, pursuant to R.C. 2953.23(A), the trial court lacked authority even to entertain Owens's most recent petition absent a showing that he was "unavoidably prevented" from discovering the facts upon which his petition relies. Although the trial court's ruling did not address R.C. 2953.23(A), the provision provides an independent basis for rejecting Owens's appeal.

Nothing before us suggests that Owens has been prevented from discovering the facts upon which he now relies. In fact, the evidentiary materials Owens has submitted compel us to reach a contrary conclusion. Owens first relies upon portions of the transcript from his plea and sentencing hearings. The transcript reveals that Owens interrupted the proceedings several times to ask his attorney questions. Although the transcript does not reveal the nature of Owens's questions, he now contends that he was asking his attorney why no one was mentioning the alleged three-year deal. Nothing prevented him from raising it in his earlier 1991 post-conviction relief petition. Owens has not been "unavoidably prevented" from discovering the plea and sentencing transcript.

Owens also relies upon two letters his trial counsel wrote to him in January and February 1990 while he was incarcerated at the Corrections Reception Center. The letters discuss a proposed forfeiture deal in which Owens would forfeit his

home and a television and, in return, the state would release numerous other items seized from his home. Owens claims that the letter, and a judgment entry reflecting the agreement, demonstrate the existence of a "secret" plea arrangement. Owens insists that in exchange for the forfeiture of his home and television, his attorney guaranteed, and the state agreed, that he would receive a three-year sentence.

Although the letters and subsequent forfeiture entry do constitute evidence *de hors* the trial record, Owens has not been "unavoidably prevented" from discovering them earlier. To the contrary, Owens received the documents more than seven years ago and could have raised this argument in his 1991 post-conviction relief petition. Furthermore, the documents appear to concern civil forfeiture as a result of Owens's conviction and do not mention any agreement for three years of incarceration in exchange for the forfeiture. Rather, the state simply agreed to return many seized items in exchange for the forfeiture of Owens's home and a television.

Finally, Owens relies upon affidavits from his father, Vernon E. Owens, and a friend, Janee Walski. The affiants averred that they were present at the plea hearing and that Owens's trial counsel told them that Owens would receive a three-year sentence in exchange for his guilty pleas and the property forfeiture. The affiants also averred that Owens's trial counsel told them that the state had accepted the plea agreement. The affidavits are dated November 27, 1995, and March 4, 1996, respectively and, as a result, obviously constitute evidence *de hors* the trial record. Nevertheless, we once again find nothing that "unavoidably prevented" Owens from previously discovering the facts contained in the two affidavits.

To the contrary, Owens contends that his attorney assured him that he would receive a three-year sentence if he pled guilty and forfeited his property. The two affiants aver that on December 1, 1989, Owens's attorney also informed them of this agreement. If so, these "facts" certainly were known to Owens at the time of his conviction and sentencing. As a result, nothing prevented him from obtaining the affidavits and raising this issue in his 1991 post-conviction relief petition. That petition, however, is curiously silent about any three-year deal. Owens's 1991 post-conviction petition essentially alleged ineffective assistance of counsel based upon his attorney's advice to plead guilty despite what Owens considered insufficient evidence to convict him of rape.

In short, we find unfathomable the possibility that Owens, his friend Janee Walski, and his father would remain silent for seven years about a secret plea agreement while Owens futilely pursued a direct appeal and his first motion for post-conviction relief. Without question, the alleged facts upon which Owens now relies have been known to both Owens and the affiants since his conviction.

Consequently, nothing "unavoidably prevented" him from raising this issue earlier rather than litigating his post-conviction claims in a piecemeal fashion. Accordingly, R.C. 2953.23(A) precluded the trial court even from entertaining Owens's most recent petition. Given this conclusion, we cannot say that the trial court erred by granting summary judgment for the state without affording Owens an evidentiary hearing, and we overrule his assignments of error.

*Judgment affirmed.*

BROGAN, WOLFF and GRADY, JJ., concur.