This matter is before the court from a judgment of the Lucas County Court of Common Pleas which denied appellant's second petition for postconviction relief.
On November 20, 1990, appellant was indicted for one count of aggravated burglary and one count of possessing criminal tools, violations of R.C. 2911.11 and R.C. 2923.24, respectively. The indictment included two specifications because appellant had been convicted previously of attempted burglary and a violent offense in 1987.
Appellant's attorney negotiated a plea agreement whereby appellant entered a plea of guilty pursuant to North Carolina v.Alford (1970), 400 U.S. 25, to burglary, a lesser included offense. Burglary constituted a violation of R.C. 2911.12 and was an aggravated felony of the second degree. A nolle prosequi was entered on the second count and both specifications. The trial court sentenced appellant to serve a term of not less than eight, nor more than fifteen, years in prison on March 18, 1991. A co-defendant was convicted after a trial and sentenced to fifteen years in prison.
Appellant, with court-appointed appellate counsel, appealed his conviction and sentence to this court. That attorney filed a brief pursuant to Anders v. California (1967),386 U.S. 738. Appellant submitted a brief of his own. We affirmed appellant's conviction and sentence because his plea was voluntary and the trial court did not abuse its discretion when sentencing appellant. State v. Elson (Oct. 25, 1991), Lucas App. No. L-91-129, unreported. We also rejected, as harmless error, appellant's contention that he had received ineffective assistance of counsel because his attorney remarked during sentencing that "drunkenness is not a defense." Id. We could not review appellant's contention that his trial counsel was ineffective by not allowing appellant to view evidence obtained during discovery because it depended on facts outside the record. Id.
On September 20, 1996, appellant filed a "petition to vacate, set aside, or modify sentence" with the trial court. He claimed that trial counsel did not properly pursue an affirmative defense of intoxication and did not allow appellant to view evidence obtained through discovery. Appellant also claimed that his attorney never visited him in jail, pressured him into accepting the plea agreement at the last minute because the attorney was unprepared for trial, and filed an invalid motion to sever because of two clerical errors. In a supplement, appellant claimed his trial counsel was ineffective due to a conflict of interest because the attorney had been convicted on an unrelated drug trafficking charge in 1997.
On February 25, 1997, the trial court dismissed appellant's petition without a hearing because it did not set forth any substantive grounds for relief. Appellant claims to have appealed that decision on March 31, 1997 and contends it was dismissed due to procedural error. However, no evidence in the record confirms that appellant appealed that decision.
On March 17, 1998, appellant filed a "successive petition to vacate, set aside, or modify sentence." As appellant concedes, "all issues raised in appellant's successive post-conviction petition were raised in his original postconviction petition via a supplemental amendment." Appellant claimed he was entering "newly discovered evidence in support of his constitutional allegations that he was unavoidably prevented from presenting until now." Appellant also contended that he would "show by clear and convincing evidence that, but for the constitutional violation, no reasonable fact finder would have found him guilty of the offense of which he was convicted."
Appellee filed a motion for summary judgment, or alternatively, a motion to dismiss appellant's second petition. On April 7, 1998, the trial court dismissed appellant's second petition as untimely. The trial court observed that because appellant was convicted and sentenced before September 21, 1995, he only had until September 21, 1996 to file a petition for postconviction relief. The trial court also concluded that even if it considered appellant's petition timely, it would dismiss the petition without a hearing on res judicata grounds and because appellant did not submit evidence showing sufficient operative facts to demonstrate that he was entitled to relief.
Appellant raises the following assignments of error:
 "Assignment of error 1) The trial court erred and abused its discretion when, presented with substantive evidence de hors the record, it entered it's (sic) opinion denying relief absent an evidentiary hearing upon the merits of such evidence.
 "Assignment of error 2) The trial court erred in denying relief by finding claims to be res judicata which were not capable of review on direct appeal.
 "Assignment of error 3) The trial court erred by not holding an evidentiary hearing when appellant's successive Post Conviction (sic) Petition met Jackson/Kapper (sic) pleading requirements."
It is not necessary to reach the merits of appellant's three assignments of errors. Although its rationale was not correct, the trial court properly dismissed and denied appellant's second petition for postconviction relief. The petition did not meet the requirements of R.C. 2953.23(A) for filing a successive postconviction petition beyond the time periods listed in R.C.2953.21. Thus, the trial court did not have jurisdiction to entertain the petition.
The trial court correctly noted that a criminal defendant who was sentenced before September 21, 1995 must file a petition for postconviction relief within the time stated in R.C.2953.21(A)(2), or within one year from September 21, 1995, whichever is later. State v. Hall (Dec. 18, 1998), Montgomery App. No. 17101, unreported. In fact, appellant filed his first postconviction petition on September 20, 1996.
However, despite those time limits, a criminal defendant may be able to file an untimely or successive petition for postconviction relief in some cases. Beginning September 21, 1995, R.C. 2953.23(A) allows trial courts to entertain petitions filed after the time periods prescribed in R.C. 2953.21(A) or successive petitions in specifically defined circumstances:
 "(1) the petitioner must show either that he was unavoidably prevented from discovering the facts upon which he relies in the petition, or that the United States Supreme court has, since his last petition, recognized a new federal or state right that applies retroactively to the petitioner; and (2) the petitioner must show by clear and convincing evidence that a reasonable fact finder would not have found him guilty * * * but for constitutional error at trial." State v. Bew (Mar. 24, 1999), Lorain App. No. 98CA007138, unreported (citation omitted).
Appellant averred, but did not show either (1) that he was unavoidably prevented from discovering facts upon which his petition relies, or (2) that but for the claimed constitutional error(s), no reasonable fact finder would have found appellant guilty. These criteria must be established in the petition in order for the trial court to determine whether it has authority to evaluate whether an evidentiary hearing should be conducted. Because appellant did not demonstrate the criteria needed to present a successive petition for postconviction relief after September 21, 1996, the trial court did not have authority to entertain appellant's petition.
We affirm the trial court's judgment dismissing appellant's second postconviction petition even though the trial court should have undertaken the analysis required by R.C.2953.23(A). "Although the trial court's ruling did not address R.C. 2953.23(A), the provision provides an independent basis for rejecting Owens's (sic) appeal." State v. Owens (1997), 121 Ohio App.3d 34,37; cf. State v. Lee (Oct. 8, 1998), Franklin App. No. 98AP-578, unreported.
Nothing in the record suggests appellant was prevented from discovering facts upon which he now contends he must rely on to present his claims for relief from constitutional error. Appellant has, in large part, resubmitted the documents which accompanied his first postconviction petition. Appellant did, however, present four new documents which were not submitted with his earlier petition as "newly discovered evidence."
The first new document is a letter from the Ohio Supreme Court dated January 8, 1998. It confirms that appellant's attorney was suspended from the practice of law in October 1997 because of the attorney's felony drug conviction in September 1997. This letter is newly discovered in the sense that it did not exist when appellant's criminal proceedings were pending. However, appellant's claim of ineffective assistance of counsel in 1991 for failure to properly advise him of options and affirmative defenses does not depend on the fact his attorney was disbarred six years later due to an unrelated felony conviction. The "facts" contemplated by R.C. 2953.23(A)(1)(a) are the historical facts of the case, which occurred up to the time of the conviction. Statev. Czaplicki (May 29, 1998), Montgomery App. No. 16589, unreported. The attorney's subsequent conviction does not present a substantial material fact indicating appellant received ineffective assistance from that attorney seven years earlier. See State v. Shafeek (Dec. 28, 1998), Montgomery App. No. 17149, unreported; see State v. Petro (1947), 148 Ohio St. 505 at the syllabus (criteria to evaluate newly discovered evidence to grant a new trial pursuant to Crim.R. 33).
Appellant's second new document are copies of log sheets for the period January 16 through February 21, 1991 maintained by the Lucas County Jail. The logs record persons who visit inmates at the jail. A cover letter from the Lucas County Sheriff, dated April 27, 1998, states it found no documentation that appellant's attorney visited him during that time period. The log sheets existed in 1991. Just because appellant did not request copies until after he filed his first petition does not mean these facts were unavailable, let alone newly discovered. Appellant did not show that he needed the log sheets to discover the fact his attorney did not visit him in jail in 1991, a fact appellant had knowledge of in 1991. See State v. Strickland (Jan. 22, 1999), Montgomery App. No. 17331, unreported.
Appellant also submitted his own affidavit, which in conclusory fashion asserts his attorney did not visit him in jail and did not confer with appellant about possible defense strategies and affirmative defenses. If appellant's allegations are true, then he was aware in 1991 that his attorney did not visit him in jail or discuss defense matters with him. Therefore, this is not newly discovered evidence.
Finally, appellant submitted a copy of an opinion and order of the United States District Court for the Northern District of Ohio denying appellant's petition for writ of habeas corpus under 28 U.S.C. § 2254. The opinion was issued on October 21, 1996. The court denied appellant's petition because he failed to fully exhaust state remedies. In particular, the federal court observed that because we determined that some of appellant's claims of ineffective assistance of counsel were not capable of review on direct appeal because they were premised on matters outside the record, appellant could still present those claims to an Ohio court for postconviction relief. According to the federal court's order, appellant filed his habeas corpus petition on September 13, 1996, a week before he filed his first "Petition to Vacate Sentence" in the Lucas County Court of Common Pleas. While the federal court's order is new in the sense it did not exist in 1991, it does not provide substantive facts relating to appellant's conviction and sentencing in 1991.
Consequently, appellant did not establish that he was unavoidably prevented from discovering substantial material facts that he did not know when he was convicted and sentenced in 1991 to present his postconviction claims as required by R.C.2953.23(A)(1)(a). See State v. Shafeek, supra. As a result, the trial court could not entertain appellant's second petition for postconviction relief filed after the deadlines specified in R.C.2953.21.
Accordingly, appellant's three assignments of error are found not well-taken.
The judgment of the Lucas County Court of Common Pleas is affirmed. Costs are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist. Loc. App. R. 4, amended 1/1/98.
Melvin L. Resnick, J.
 James R. Sherck, J.
 Mark L. Pietrykowski, J.
CONCUR.