JOURNAL ENTRY AND OPINION
Defendant-appellant Ernel M. Foster, proceeding pro se, appeals from the trial court order that denied his petition for postconviction relief.
In his three assignments of error, appellant asserts the trial court improperly dismissed his petition without a hearing. Appellant argues he presented sufficient evidence to demonstrate he timely filed his petition and to demonstrate the existence of substantive grounds for relief. This court has considered the App.R. 9(A) record in light of appellant's arguments and finds the trial court's decision was correct. Its order, therefore, is affirmed.
Appellant originally was indicted in May 1989 on two counts of aggravated murder, each with two felony murder specifications, one count of aggravated burglary, one count of aggravated robbery, two counts of forgery, and one count of uttering. Following the entry of his pleas of not guilty to the charges, appellant received the services of an appointed attorney to represent him.
Appellant's case proceeded to a jury trial in July 1989. During the course of trial, the trial court amended the indictment against appellant thusly: (1) the first count was reduced to the lesser-included offense of murder with two felony murder specifications; (2) the second and third counts were dismissed; and (3) the fourth count was reduced to the lesser-included offense of robbery. The trial court did not amend the remaining four counts.
The jury found appellant guilty as charged in the amended indictment. The trial court thereafter sentenced appellant in August 1989 to terms of incarceration as follows: consecutive terms of fifteen years to life on the first count and six to fifteen years on the fourth count and concurrent terms of one year on each of the remaining counts.
Represented by new counsel, appellant subsequently filed a timely appeal of his convictions in this court. After considering each of appellant's four assignments of error in State v. Foster
(Apr. 25, 1991), Cuyahoga App. No. 58363, unreported,[1] this court affirmed appellant's convictions.
Appellant next sought to appeal this court's decision to the Ohio Supreme Court. On November 4, 1991 the supreme court dismissed appellant's appeal.
On November 7, 1996, proceeding pro se, appellant filed his petition for postconviction relief in the trial court. Appellant asserted therein that the assistant county prosecutor assigned to his case had engaged in professional misconduct by being addicted to drugs during the time of appellant's prosecution and by failing to disclose both exculpatory material and the whereabouts of certain material witnesses. Appellant further asserted the prosecutor's actions compromised his right to the effective assistance of his trial counsel.
Appellant supported his petition with numerous exhibits. Although none of these exhibits was either verified or authenticated, they purported to be copies of newspaper articles, police investigative reports, documents obtained from law enforcement agencies, and documents entered into evidence during appellant's trial. Appellant provided no affidavits for the trial court's consideration.
The state made no response to appellant's petition. On November 20, 1996, however, without ordering a hearing pursuant to R.C.2953.21(C), the trial court issued a judgment entry stating appellant's motion "to vacate or set aside sentence" was overruled.
On January 19, 1999 the trial court finally issued its findings of fact and conclusions of law in this case.[2] The trial court justified its denial of appellant's petition by stating appellant's petition was time-barred by R.C. 2953.21(A)(2) since he had failed to make the "required showings" pursuant to R.C.2953.23(A).
Appellant has timely filed his appeal from the foregoing. He presents the following three assignments of error for review:
ASSIGNMENT OF ERROR NO. ONE
 IN CASE NO. CR 239911, HONORABLE JUDGE: SHIRLEY STRICKLAND SAFFOLD, MADE PREJUDICIAL ERROR WHEN RULEING (SIC) ON POST-CONVICTION RELIEF AS THIS PETITION IS TIME-BARRED PURSUANT TO O.R.C. 2953.21 APPELLANT DID OVER COME (SIC) THE "CRITERIA" AS REQUIRED IN O.R.C. 2953.21 (SIC).
 ASSIGNMENT OF ERROR NO. TWO
 THE TRIAL JUDGE ERRORED (SIC) IN DENIEING (SIC) PETITION TO VACATE OR SET ASIDE SENTENCE AND DENIEING (SIC) WITHOUT A HEARING.
 ASSIGNMENT OF ERROR [NO.] THREE
 THE TRIAL COURT ERRORED (SIC) WHEN IT DID NOT TAKE IN ACOUNT (SIC) THAT AT THE TRIAL DEFENSE COUNSEL MOTION'D (SIC) FOR A CONTINUANCE AND IT WAS DENIED — AND THIS DENIED DEFENANT (SIC) A FAIR TRIAL AND TO CONFRONT WITTNESS'S (SIC) — WHICH DENIED DEFENDANT DUE PROCESS OF LAW, U.S.C.A. 14TH., 6TH.
In his three assignments of error, appellant essentially argues he presented evidence sufficient both to comply with the relevant time requirements and to demonstrate the existence of substantive grounds for relief.[3] This court disagrees.
The versions of R.C. 2953.21 et seq. in effect at the time of appellant's original sentencing subsequently were amended effective September 21, 1995.[4] The pertinent provisions state:
§ 2953.21 Petition for postconviction relief.
* * *
 (2) A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal off the judgment of conviction or adjudication or the date on which the trial transcript is filed in the supreme court if the direct appeal involves a sentence of death. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal.
 § 2953.23 Time for filing petition; appeals.
 (A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
(1) Either of the following applies:
 (a) The petitioner shows that the petition was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 (b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable fact finder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *.
(Emphasis added.)
To provide further relief, Section 3 of Am.Sub.S.B. 4, the General Assembly act that amended the statutes, contained the following "savings" language:
 SECTION 3. A person who seeks postconviction relief pursuant to sections 2953.21 through 2953.23 of the Revised Code with respect to a case in which sentence was imposed prior to the effective date of this act * * * shall file a petition within the time required in division (A)(2) of section 2953.21 of the Revised Code, as amended by this act, or within one year from the effective date of this act, whichever is later.
(Emphasis added.)
A review of the foregoing in conjunction with appellant's petition reveals appellant neither filed his petitioner within the time period prescribed nor complied with the requirements set forth in R.C. 2953.23(A).
Appellant received his sentence in 1989, prior to the September 21, 1995 effective date of Am.Sub.S.B. 4. Therefore, he had until Monday, September 23, 1996 to file his petition for postconviction relief. State v. Saylor (1997), 125 Ohio App.3d 633; State v. Pannell (Jan. 20, 1999), Wayne App. No. 98CA0034, unreported; cf., State v. Schulte (1997), 118 Ohio App.3d 184;State v. Akers (Feb. 2, 1998), Lawrence App. No. 97 CA 22, unreported.
Appellant filed his motion on November 7, 1996, after the time limitation; therefore, the trial court's decision to dismiss appellant's petition on the basis of untimeliness was proper.State v. Cooper (Mar. 26, 1999), Lake App. No. 97-L-286, unreported; cf., State v. Delgado (June 18, 1999), Geauga App. No. 98-G-2137, unreported.
Moreover, as stated in R.C. 2953.23(A), the trial court did not have the authority to "entertain" appellant's untimely petition unless he met both requirements set forth in subsections (1) and (2). State v. Owens (1997), 121 Ohio App.3d 34; State v. Velez
(Jan. 7, 1998), Lorain App. No. 97CA006696, unreported. A review of appellant's evidentiary materials attached to his petition, however, reveals he failed to do so.
First, appellant's "exhibits" attached to his petition had no evidentiary value; the documents were unsworn and lacked either verification or authenticity.[5] Evid.R. 104(B); Evid.R 901(A); Evid.R. 1002; Evid.R. 1004; Evid.R. 1005; State v. Kapper (1983),5 Ohio St.3d 36; State v. Combs (1994), 100 Ohio App.3d 90, 98;State v. Moore (1994), 99 Ohio App.3d 748; State v. Benge (Apr. 27, 1998), Butler App. No. CA97-08-163, unreported; State v.Sullivan (Oct. 15, 1998), Cuyahoga App. Nos. 72878, 72879, unreported.
Second, to the extent the exhibits could be construed, appellant made no showing, via affidavit or otherwise, he was "unavoidably prevented from discovery" of the facts he alleged.State v. Owens, supra.
Furthermore, appellant provided nothing but his own speculation that the trial prosecutor engaged in misconduct that hampered defense counsel's efforts on appellant's behalf. In themselves, the documents appellant attached to his petition provided no proof to support appellant's theory; the documents merely were cumulative to either the testimony adduced during appellant's trial or the issues raised in State v. Foster, supra. State v.Powell (1993), 90 Ohio App.3d 260; State v. Cooper, supra. Appellant thus did not meet the high standard set forth in R.C. 2353.23(A)(2), viz., to provide "clear and convincing evidence" that but for an error of constitutional magnitude that occurred at his trial, no "reasonable fact finder" would have found him guilty.
The provisions of R.C. 2953.21 et seq. do not provide authority to a trial court to entertain a petition for postconviction relief that is untimely filed. Therefore, the trial court properly dismissed appellant's petition on this basis. State v.Velez, supra; State v. Cooper, supra.
Accordingly, appellant's assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, J. and JAMES M. PORTER, J. CONCUR.
 ________________________________ PRESIDING JUDGE KENNETH A. ROCCO
[1] Appellant presented the following assignments of error:
 I. APPELLANT WAS CONVICTED WITH EVIDENCE INSUFFICIENT AS A MATTER OF LAW THEREBY DENYING HIM HIS DUE PROCESS RIGHTS GUARANTEED HIM BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, AND ARTICLE I SECTION 16 OF THE OHIO CONSTITUTION.
 II. THE VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 III. THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION TO SUPPRESS STATEMENTS WHERE THE VOLUNTARINESS OF ANY ADMISSION OR CONFESSION IS NOT ESTABLISHED UNDER THE DUE PROCESS CLAUSE.
 IV. THE TRIAL COURT ABUSED ITS DISCRETION AND SUBSTANTIALLY PREJUDICED APPELLANT'S RIGHT TO A FAIR TRIAL BY FORCING THIS MATTER TO TRIAL WITHOUT ADEQUATE TIME FOR PREPARATION BY APPELLANT'S COUNSEL OR SUFFICIENT OPPORTUNITY TO INVESTIGATE.
[2] Due to the trial court's unexplained delay, appellant sought a writ of mandamus in an attempt to compel the trial court's issuance of its findings of fact and conclusions of law. See State ex rel. Foster v. Court off Common Pleas (Mar. 9, 1999), Cuyahoga App. No. 75759, unreported.
[3] Although appellant has attached additional evidentiary material to his appellate "response brief," this court may not consider it. Middletown v. Blevin (1989) 63 Ohio App.3d 443.
[4] The statute thereafter was amended three more times; however, the subsequent versions did not change substantially the portions of the statute that apply herein.
[5] It appears appellant may have obtained some of these documents via R.C. 149.43, the Public Records Act. In State v.Walker (1995), 102 Ohio App.3d 625, citing State ex rel. Steckmanv. Jackson (1994), 70 Ohio St.3d 420, the court stated that in postconviction proceedings such documents may not be considered by a trial court.