[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
On August 16, 1995, defendant-appellant, Earl Anderson, was convicted of three counts of felonious assault pursuant to R.C. 2903.11, with accompanying firearm specifications. This court affirmed the convictions on direct appeal, see State v. Anderson (Apr. 12, 1996), Hamilton App. No. C-950608, unreported, although we later vacated part of Anderson's sentence after he filed a motion to reopen the appeal. See State v.Anderson (Feb. 6, 1998), Hamilton App. No. C-950608, unreported.
On April 26, 2000, Anderson filed a petition for postconviction relief based upon newly discovered evidence. Anderson now appeals the trial court's denial of that petition. In his sole assignment of error, he contends that the trial court erred in denying his petition without an evidentiary hearing. This assignment of error is not well taken.
The record shows that Anderson's petition was not timely filed. See R.C. 2953.21(A)(2); State v. Hill (1998), 129 Ohio App.3d 658, 661,718 N.E.2d 978, 980; State v. Schulte (1997), 118 Ohio App.3d 184, 186,692 N.E.2d 237, 238. Further, he failed to demonstrate that he should be allowed to file a delayed petition under R.C. 2953.23(A). He did not show that he was unavoidably prevented from discovering the facts about which his alibi witness would have testified. Clearly, Anderson would have known those facts at the time of trial. See State v. Owens (1997),121 Ohio App.3d 34, 37-38, 698 N.E.2d 1030, 1031-1032.
Because the petition was untimely and Anderson failed to make the showings required by R.C. 2953.23(A), the trial court was without jurisdiction to consider the merits of his petition, and, therefore, it did not err in failing to hold a hearing on the petition. Hill, supra, at 661, 718 N.E.2d at 980; Owens, supra, at 37, 698 N.E.2d at 1032. Accordingly, we overrule Anderson's assignment of error and we affirm the trial court's judgment.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Doan and Sundermann, JJ.