ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
Appellant, Mark Baker, is appealing the order of the trial court denying appellant's petition for post-conviction relief, or in the alternative, motion to withdraw his guilty. For the following reasons, we affirm.
In Cuyahoga Common Pleas case number CR 343695, appellant was charged with one count of drug possession, one count of possession of criminal tools, and one count of trafficking in cocaine in an amount less than one gram. He pled guilty to trafficking in cocaine.
In Cuyahoga Common Pleas case number CR 346307, appellant was charged with seven counts of possession of criminal tools; four counts of possession of crack cocaine in an amount less than one gram; one count of possession of crack cocaine in an amount greater than twenty-five grams, but not exceeding one hundred grams; two counts of possession of crack cocaine in an amount greater than one hundred grams but less than five hundred grams (Count 13 and 15); Trafficking in cocaine in an amount greater than twenty-five grams but not exceeding one hundred grams, with a schoolyard specification; two counts of having a weapon under a disability; and permitting drug abuse. Appellant pled guilty to counts 13 and 15.
In case number 346307, appellant was sentenced to three years each on counts 13 and 15, these sentences to run consecutively. In case no. 343695, he was sentenced to eight months, to run concurrently with the sentence in case number 346307. The sentencing journal entries are time stamped August 11, 1997. No appeal was filed.
On June 4, 1999, appellant filed a petition for post-conviction relief or in the alternative, motion to withdraw guilty plea. Appellant averred as follows: His attorney conducted no discovery. Counsel did not attempt to obtain the affidavits upon which search warrants were obtained and did not file a motion to suppress. Appellant was not living at the house that was searched. The drugs were found in a common area of a two-family house. Appellant was promised he would only be sentenced to three years, not six years.
Appellant moved for summary judgment on this motion, because the prosecutor never filed a response to the motion. On December 2, 1999, the prosecutor filed proposed findings of fact and conclusions of law. The proposed findings of fact and conclusions of law stated that petitioner did not show he was unavoidably prevented from discovering the facts upon which his claim for post-conviction relief was based, so his motion was not timely filed.
On July 20, 2000, the trial court issued findings of fact and conclusions of law. The court denied appellant's motion because it was not timely filed.
Appellant appealed case number 343695 in this appeal, and case no. 346307 in Cuyahoga Appellate Case Number 78454. These cases were not consolidated.
 I.
Appellant's first assignment of error states:
 DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT OVERRULED HIS MOTION FOR SUMMARY JUDGMENT.
Appellant asserts that because the prosecutor did not file a responsive motion, the facts as alleged in his affidavit must be taken as true. Even if these facts are taken as true, appellant was not entitled to summary judgment. Appellant's motion was properly denied as untimely.
R.C. 2953.21 states that a motion for post-conviction relief must be filed within 180 days after the expiration of the time for filing an appeal. The deadline for appellant's motion for post-conviction relief was on or about March 11, 1998. Appellant's motion was filed in June, 1999, considerably past the deadline.
A petition for post-conviction relief can be considered after the deadline if the petitioner shows (1) he was unavoidably prevented from discovery of the facts upon which his petition is based or the United States Supreme Court has recognized a new right that applies retroactively to appellant; and (2) but for the constitutional error, appellant would not have pleaded guilty. R.C. 2953.23. Appellant presented no evidence, and did not even argue that he was unavoidably prevented from discovering the facts upon which his petition was based or that a new right applied to him. Appellant's petition for post-conviction relief was not timely filed.
Appellant asserts that there is no time limit on a motion to withdraw a guilty plea. If a motion to withdraw a guilty plea is filed after the time for an appeal, and contains constitutional arguments, it will be considered a petition for post-conviction relief. State v. Hill (1998),129 Ohio App.3d 658; State v. Gaddis (Oct. 12, 2000), Cuyahoga App. No. 77058, unreported; State v. Phelps (Sep. 26, 2000), Franklin App. No. 00AP-109, unreported. But see State v. Beatty (Dec. 14, 2000), Cuyahoga App. No. 75926, unreported (The motion to withdraw the guilty plea was based on failure to inform of the maximum sentence under Crim.R. 11, and not a constitutional violation). The time limits of a petition for post-conviction relief will apply to the motion which by time of filing and substance resembles a petition for post-conviction relief. Hill, Gaddis, Phelps, supra.
Appellant's motion was filed after the time for an appeal. The motion asserted ineffective assistance of counsel, which is a constitutional claim. The trial court correctly dismissed appellant's motion as untimely.
Alternatively, even if appellant timely filed his petition, his petition lacked merit. To the extent that appellant could have raised his claims of ineffective assistance of counsel in a direct appeal, these claims are res judicata. State v. Cole (1982), 2 Ohio St.3d 112. The defendant may raise the issue in a petition for postconviction relief if the claim of ineffective assistance could only be fairly determined from matters outside the record. See State v. Smith (1985), 17 Ohio St.3d 98. As no transcript of the plea hearing was filed in this appeal, it is impossible to determine whether or not the allegations in appellant's petition were contained in the record. Appellant has not demonstrated on appeal that the issues in his petition were not res judicata.
Moreover, appellant's affidavit does not demonstrate that appellant was prejudiced by any errors of counsel. See State v. Bradley (1989),42 Ohio St.3d 136. Appellant did not demonstrate that he was entitled to post-conviction relief. See State v. Kapper (1983), 5 Ohio St.3d 36, 38.
Accordingly, this assignment of error is overruled.
 II.
Appellant's second assignment of error states:
 DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT MADE FINDINGS OF FACT BASED ON THE COURT'S OWN PERSONAL KNOWLEDGE AND WITHOUT A HEARING.
 A hearing on a motion for post-conviction relief is only required if the petition, supporting affidavits, files and records of the case show that there are substantive grounds for relief. State v. Jackson (1980), 64 Ohio St.2d 107, 110. If the petition is untimely, and the petition does not show unavoidable prevention of discovery of facts or an applicable new right, the petition should be denied without a hearing. See State v. Owens (1997), 121 Ohio App.3d 34; State v. Beaver (1998), 131 Ohio App.3d 458.
Appellant's petition did not even allege that he was unavoidably prevented from discovering the facts underlying the petition or that a new right applied. The trial judge properly denied the petition without a hearing. This decision was based on the date of filing the petition, the contents of the petition, and the date of sentencing, all of which were facts on the record. The decision was not based on the judge's personal recollection.
Alternatively, appellant was not entitled to a hearing, because his affidavit did not show that he was entitled to post-conviction relief, as discussed above.
Accordingly, this assignment of error is overruled.
 III.
Appellant's third assignment of error states:
 DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT DISMISSED HIS PETITION WITHOUT ANY PRIOR NOTICE.
Appellant asserts that the prosecutor never filed a motion to dismiss, so the court can not sua sponte dismiss his petition. He further argues that even if a motion to dismiss was filed, the court can not convert this motion into a motion for summary judgment without notifying the parties. Even if the state does not respond to a petition for post-conviction relief, R.C. 2953.21(C) requires the court to sua sponte analyze the petition. State v. Wiles (1998), 126 Ohio App.3d 71. No notice is required, because appellant filed a petition for post-conviction relief, and is aware that the court will consider this petition.
Accordingly, this assignment of error is overruled.
 IV.
Appellant's fourth assignment of error states:
 DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HE WAS NOT GRANTED RELIEF AS HIS PLEAS OF GUILTY WERE NOT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY ENTERED AND DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.
As discussed above, the trial court properly denied appellant's petition as untimely and/or as devoid of merit.
Accordingly, this assignment of error is overruled.
 V.
Appellant's fifth assignment of error states:
 DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT, SUA SPONTE, DETERMINED THAT THE PETITION WAS NOT TIMELY FILED AND THAT THE MOTION TO WITHDRAW THE PLEA OF GUILTY WAS UNTIMELY FILED.
Appellant asserts he did not have notice that he had to prove he was unavoidably prevented from discovering the facts, because the prosecutor did not file a response. R.C. 2953.23 requires that appellant allege unavoidable prevention in his petition, or the court may not entertain the petition. See State v. Owens (1997), 121 Ohio App.3d 34. Additionally, the prosecutor's proposed findings of fact and conclusions of law should have alerted appellant to the necessity of making this argument.
As discussed above, the trial court correctly found that the motion to withdraw the guilty plea in this case should be construed as a petition for post-conviction relief.
Accordingly, this assignment of error is overruled.
The decision of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ___________________ ANN DYKE, J.
JAMES J. SWEENEY, J., CONCURS, TIMOTHY E. McMONAGLE, P.J., CONCURS IN JUDGMENT ONLY