OPINION
Defendant-Appellant, Steven Marsh, appeals pro se from a trial court decision denying Marsh's request for an extension of time to file a petition for postconviction relief. In support of his appeal, Marsh presents the following assignments of error:
 I. The courts [sic] overruling of Appellant Steven Marsh on his motion for a time extension, as defined by Ohio Revised Code 2953.23(A) and motion for postconviction relief as defined by the Ohio Revised Code 2953.21 was in error, as the overruling was against the manifest weight of the evidence.
 II. The courts [sic] dismissal of Appellant, Steven Marsh on his motion for postconviction relief as defined by Ohio Revised Code 2953.21 was in error, as the dismissal was against the manifest weight of the evidence.
After reviewing the record, we find the assignments of error without merit and affirm the trial court decision. An explanation of our decision follows.
 I
According to the record, the Miami County Grand Jury jointly indicted Steven Marsh and two other people on February 20, 1998, on one count of engaging in a pattern of corrupt activity in violation of R.C.2923.32(A)(1), between June 6, 1996, and January 31, 1997. Twelve illegal acts were alleged, on dates ranging from April 8, 1997, to September 23, 1997. Marsh originally pled not guilty, but then subsequently pled guilty to one count of violating R.C. 2923.32(A)(1), a second degree felony. On September 8, 1998, Marsh was sentenced to four years in prison. However, he did not appeal from the conviction and sentence.
More than two years later, Marsh filed a motion for judicial release, based on the "confusion of" his sentence. This motion was overruled on December 26, 2000. On February 2, 2001, Marsh filed a motion for modification of sentence. Although the memorandum supporting the motion is not very clear, it does indicate that Marsh had been under the impression that he was originally sentenced under pre Senate Bill 2 law. The memorandum further indicates that at some point, perhaps in October, 2000, Marsh learned that additional time would be added to his anticipated release date, due to the application of Senate Bill 2.
The trial court overruled the motion for modification, and Marsh did not appeal. Subsequently, on April 3, 2001, Marsh filed an application for an extension of time to file a petition for post-conviction relief. Marsh did not file an affidavit with the petition, explaining why the petition had not been timely filed. However, Marsh did state, in alleging ineffective assistance of counsel, that trial counsel had said Marsh would be sentenced under the "old law," and that he would (apparently) serve only 8 months and fourteen days for each year of imprisonment imposed. According to the petition, Marsh did not learn that these facts were untrue until November, 2000.
After consideration, the trial court denied the motion for leave to file a late petition. In particular, the court said that the record clearly refuted Marsh's claim of being unaware of the applicability of the new sentencing laws before November, 2000. In this regard, the court noted that Marsh had signed various documents indicating he was aware of the applicable sentencing laws. Additionally, Marsh told the court that he understood the sentencing information.
As we mentioned, Marsh claims on appeal that the trial court decision was against the manifest weight of the evidence. When we review manifest weight challenges, we do not simply consider the sufficiency of the evidence. Instead, we also decide if the evidence is believable. Morever, the evidence is not construed in favor of the State. Instead, after reviewing the entire record, a court "`weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the * * * [fact-finder] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" State v. Jones (1996), 114 Ohio App.3d 306, 324
(citations omitted).
In the present case, there is little evidence to "weigh," since the record consists primarily of the pleadings, the transcript of guilty plea and sentence, and the various petitions for relief filed in the trial court. Nonetheless, we will examine the record to see if the trial court's dismissal was appropriate under standards applied in postconviction proceedings.
Procedures for postconviction relief are outlined in R.C. 2953.21. In cases like the present, where no appeal is taken, the petition must be filed within 180 days after the time for filing the appeal has expired. R.C. 2953.21(A)(2). Under this standard, Marsh's petition was clearly untimely, since it was filed more than two years after sentence was imposed. However, R.C. 2953.23(A) does allow untimely petitions in certain situations. As pertinent to this case, R.C. 2953.23(A) lets trial courts entertain untimely petitions only if both the following conditions apply:
(1)* * *
 (a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
* * *
 (2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *.
After considering the record, we agree that the petition should have been dismissed. We have previously said that trial courts lack jurisdiction to consider untimely or successive petitions absent a showing that the petitioner was `unavoidably prevented' from discovering the facts upon which his petition relies." State v. Owens (1997),121 Ohio App.3d 34, 37. In the present case, Marsh has made no such showing. In fact, as we said, no affidavit was submitted with the petition.
Even if we construe the content of the petition as an affidavit, the trial court did not err in rejecting Marsh's claims. The Ohio Supreme Court has said that when trial courts determine the credibility of supporting affidavits in postconviction proceedings, they "may find sworn testimony in an affidavit to be contradicted by evidence in the record by the same witness, or to be internally inconsistent, thereby weakening the credibility of that testimony." State v. Calhoun (1999), 86 Ohio St.3d 279,284-85. Another pertinent factor is "whether the judge reviewing the postconviction relief petition also presided at the trial." Id.
The trial judge who dismissed the petition was the same judge who presided over Marsh's guilty plea and sentence. In finding that the petition was untimely, the judge clearly found Marsh's "affidavit" (construing the petition as such) to be contradicted by the record. In this regard, the trial judge relied on the transcript of the guilty plea and sentence hearing, as well as documents of record signed by Marsh. After reviewing the same materials, we cannot fault the court's conclusions.
We do note that the indictment appears defective, in that the dates alleged for the pattern of corrupt activity are inconsistent with the dates of the specified corrupt acts. However, this issue does not appear relevant to Marsh's sentencing claim. Specifically, any reliance on pre Senate Bill 2 law would have been remotely feasible only if Marsh's crimes were committed before July 1, 1996. To the extent that the listed crimes were all committed after that date, the indictment refutes Marsh's position. In any event, defects in indictments are waived unless they are raised before sentencing. State v. Biros (1997), 78 Ohio St.3d 426. Since the defect is plain on the face of the indictment, it should have been a matter for direct appeal. And finally, we have already concluded that Marsh's claim is discredited by his own prior statements of record.
In light of the preceding discussion, the trial court did not err in dismissing the postconviction petition as untimely. Accordingly, both assignments of error are overruled and the decision of the trial court is affirmed.
WOLFF, P.J., and GLASSER*, J., concur.
* Honorable George M. Glasser, Retired from the Sixth District Court of Appeals, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio.