OPINION
{¶ 1} Defendant appeals from the trial court's judgment overruling his second petition for post-conviction relief.
 {¶ 2} On August 15, 2001, following a jury trial, Defendant was found guilty of Rape in violation of R.C. 2907.02. The trial court sentenced Defendant to five years imprisonment. Defendant appealed his conviction and sentence, and this court affirmed. State v. Carter (Sept. 27, 2002), Clark App. No. 01CA67, 2002-Ohio-5125.
 {¶ 3} On December 6, 2001, Defendant filed a petition for post-conviction relief pursuant to R.C. 2953.21. The trial court overruled Defendant's petition on October 2, 2002. No appeal was taken by Defendant.
 {¶ 4} Subsequently, on December 26, 2002, Defendant filed a second, successive petition for post-conviction relief. As grounds for relief, Defendant alleged ineffective assistance of trial counsel based upon counsel's failure to have a hair discovered at the crime scene tested for DNA. On January 31, 2003, the trial court overruled Defendant's second post-conviction petition, finding that Defendant had failed to comply with the requirements of R.C. 2953.23.
 {¶ 5} Defendant timely appealed to this court from the trial court's decision overruling his second petition.
 ASSIGNMENT OF ERROR {¶ 6} "The Defendant-appellant Was Prejudiced By Ineffective Assistance Of Counsel's Violation His Sixth And Fourteenth Amendment Rights, When His Counsel Failed to Properly; Acknowledge And Investigate Evidence That Was Found In Defendant's Case Which Was Hair, That Was Not Tested For DNA During And Prior To The trial."
 {¶ 7} The jurisdiction of the court of common pleas and its divisions is determined by statute. Article IV, Section 4(B), Ohio Constitution; Mattone v. Argentina (1931), 123 Ohio St. 393. In that connection, R.C. 2953.23 states:
 {¶ 8} "(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless both of the following apply:
 {¶ 9} "(1) Either of the following applies:
 {¶ 10} "(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 {¶ 11} "(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 12} "(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."
 {¶ 13} Unless the defendant makes the showings required by R.C.2953.23(A), the trial court lacks jurisdiction to consider a second or successive petition for post-conviction relief. State v. Beuke (1998),130 Ohio App.3d 633; State v. Owens (1997), 121 Ohio App.3d 34. Defendant made none of the showings required by R.C. 2953.23(A) in his second petition.
 {¶ 14} Defendant argues that he was unaware at the time he filed his first petition for post-conviction relief of the facts and evidence upon which his second petition relies. However, that and the other showings required by R.C. 2953.23(A) must be made in Defendant's successive petition, not later on appeal after the trial court has dismissed the petition for noncompliance with R.C. 2953.23(A).
 {¶ 15} Being unaware of a fact does not establish that one was unavoidably prevented from discovering that fact in a timely manner.State v. Harris (Feb. 9, 2001), Montgomery App. No. 18525. Also, Defendant speculates but has not demonstrated that the evidence upon which he now relies is exculpatory or exonerates him in any way of criminal liability. Thus, he has not shown by clear and convincing evidence that, but for counsel's error in failing to present that evidence, no reasonable factfinder would have found him guilty. R.C.2953.23(A)(2).
 {¶ 16} Defendant did not demonstrate in his petition the matters which R.C. 2953.23(A) required of him in order to have the trial court rule on the merits of his second petition for post-conviction relief. Accordingly, the trial court did not err when it dismissed the petition.
 {¶ 17} The assignment of error is overruled. The judgment of the trial court will be affirmed.
BROGAN, J. and YOUNG, J., concur.