THE STATE OF OHIO, APPELLEE, *v.* WILLIAMSON, APPELLANT.

[Cite as State v. Williamson, 10 Ohio St. 2d 195.]

(No. 40714—Decided May 10 1967.)

*Mr. Melvin G. Rueger,* prosecuting attorney, and *Mr. Fred J. Cartolano,* for appellee.

*Mr. Pearce Williamson, Jr., in propria persona.*

*Per Curiam.* Here, we have a situation where the notice of appeal was placed in the prison mail room seven days before the final date for filing. The notice was then out of the control of the appellant. Due to the delay occasioned by the adminis-

trative processes of the prison it did not reach the Court of Appeals until the filing date was past.

Section 2953.23, Revised Code, provides that an order denying postconviction relief "may be appealed pursuant to Chapter 2505 of the Revised Code." Section 2505.07, Revised Code, provides that "the period of time within which" an appeal to the Court of Appeals shall be perfected is "within 20 days." Section 2505.04, Revised Code, states that "an appeal is perfected when written notice of appeal is filed with the lower court," and that thereafter "no step required to be taken * * * is jurisdictional."

In our opinion, a defendant incarcerated in prison and acting without the aid of counsel files his notice of appeal in time, if, within the 20-day period specified in Section 2505.07, Revised Code, he delivers such notice to the proper prison authorities for forwarding to the court. In such a case, the jailer in effect represents the lower court within the meaning of Section 2505.04, Revised Code. We believe that such a conclusion is required by *Fallen* v. *United States* (1964), 378 U. S. 139.

The motion to certify is allowed, the judgment of the Court of Appeals is reversed and the cause is remanded to the Court of Appeals for a hearing upon the merits.

*Judgment reversed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.