THE STATE, EX REL. TYLER, APPELLANT, *v.* ALEXANDER, WARDEN, APPELLEE.

[Cite as State, ex rel. Tyler, *v.* Alexander (1990), 52 Ohio St. 3d 84.]

(No. 90-394—Submitted April 17, 1990—Decided June 27, 1990.)

*David B. Tyler, pro se.*

*Anthony J. Celebrezze, Jr.,* at-torney general, and *Allen P. Adler,* for appellee.

*Per Curiam.* Appellee argues that we have no jurisdiction over this appeal because the notice of appeal was not timely filed in the court of appeals. We agree.

Section 1(A), Rule I of the Supreme Court Rules of Practice plainly states: "The notice of appeal from a Court of Appeals must be filed in the court from which the case is appealed within thirty days from the entry of the judgment * * * appealed from * * *." Thirty days after December 29, 1989 was January 28, 1990. However, as that day was a Sunday, Tyler's notice of appeal was due on January 29. See Rule XI, Supreme Court Rules of Practice.

Tyler argues, citing *Houston* v. *Lack* (1988), 487 U.S. 266, that when a prisoner acting *pro se,* seeks to appeal an adverse judgment, we should consider his notice of appeal "filed" when he turns it over to the prison authorities for mailing.

In *Houston,* the United States Supreme Court rested its holding on its interpretation of a federal statute and the Federal Rules of Appellate Procedure, and not on any constitutional provision. As such, it is not binding on us.

Nor do we find *Houston* persuasive. In *Houston,* Justice Scalia observed in dissent that the court's interpretation of the phrase "filed with the clerk," Fed. R. App. P. 4(a)(1), to

mean " 'delivered to the warden of a prison' " was "remote from plain English." *Houston, supra,* at 280. Similarly, we reject appellant's suggestion that "filed in the court from which the case is appealed" really means "delivered to the prison mail room."

The notice of appeal is jurisdictional. *State, ex rel. Curran,* v. *Brookes* (1943), 142 Ohio St. 107, 26 O.O. 287, 50 N.E. 2d 995, paragraph seven of the syllabus. Appellant failed to file it within the time specified in Section 1, Rule I. Thus, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.