It appearing from the notice of appeal that it may not have been filed within the time provided by App. R. 4 because the Sentencing Entry of the trial court was filed on October 28, 198 and the Notice of Appeal was filed on December 2, 1998, this court filed an Entry on January 4, 1999 ordering appellant to file a memorandum directed to this issue of timeliness within thirty (30) days.
Appellant sent a letter to this court stating, among other things, that his notice of Appeal was notarized on November 23, 1998 and that this was the same as filing the Notice of Appeal with this court. We disagree.
The filing of a timely notice of appeal is jurisdictional. See, generally, State v. Fisher (1975), 46 Ohio App.2d 279;Bosco v. City of Euclid (1974), 38 Ohio App.2d 40; Richards v.Industrial Commission (1955), 163 Ohio St. 439. The time for filing a notice of appeal is governed by App. R. 4 and, pursuant to App. R. 14(B), a court may not enlarge the time for filing a notice of appeal. Ross v. Harden (1982), 8 Ohio App.3d 34.
Appellant asserts that his Notice of Appeal was timely filed because he delivered it for mailing on November 23, 1998. This is not the law of Ohio. In State ex rel. Tyler v. Alexander
(1990), 52 Ohio St.3d 84, the Ohio Supreme Court held that delivery of a filing to a prison mail room within the applicable time limits did not constitute timely filing. See, generally, Fex v. Michigan (1993), 507 U.S. 43. A filing is timely only if it is filed with the court within the appropriate time limits; the jailer does not represent the court for filing purposes. State ex rel. Tyler v. Alexander,supra.
Spears had until November 28, 1998 to file a timely Notice of Appeal. He did not file his Notice of Appeal until December 2, 1998.
Upon consideration, this court finds that the notice of appeal was not filed within the time provided by App. R. 4. Accordingly, the court finds that it is without jurisdiction to consider this appeal and the appeal is herebyDISMISSED. Appelant may be entitled to file a Motion for Leave to File A Delayed Appeal pursuant to App. R. 5(A). Appellant is directed to App. R. 5(A) and the procedures therein in this regard.
APPEAL DISMISSED. Costs to appellant.
Abele, J. and Kline, J.: Concur.
 --------------------------------------- William H. Harsha, Administrative Judge