DECISION JUDGMENT ENTRY
This is an appeal from a Highland County Common Pleas Court judgment. Initially, we note that our review of appellant's notice of appeal revealed that the notice may not have been filed within the time provided by App.R. 4. The record reveals that the trial court filed its judgment entry on November 16, 1999 and appellant filed his notice of appeal on December 20, 1999. On January 12, 2000 we ordered appellant to file a memorandum directed to the timeliness issue.
On January 26, 2000, appellant filed his "Appellant's Jurisdictional Memorandum" and asserted that he placed his Notice of Appeal, a certificate of service and attached motions in the Madison Correctional Institution mailbox on December 12, 1999. Appellant argues that pursuant to App.R. 13(A), timely filing would be on the day the envelope was postmarked and not the date on which it was received by the clerk. We disagree.
The filing of a timely notice of appeal is jurisdictional. See, generally, State v. Fisher (1975), 46 Ohio App.2d 279; Bosco v.City of Euclid (1974), 38 Ohio App.2d 40; Richards v. IndustrialCommission (1955), 163 Ohio St. 439. The time for filing a notice of appeal is governed by App.R. 4 and, pursuant to App.R. 14(B), a court may not enlarge the time for filing a notice of appeal.Ross v. Harden (1982), 8 Ohio App.3d 34.
Appellant asserts that he timely filed his notice of appeal because he delivered it for mailing on December 12, 1999. This is not the law of Ohio, however. In State ex rel. Tyler v. Alexander
(1990), 52 Ohio St.3d 84, the Ohio Supreme Court held that the delivery of a filing to a prison mailroom within the applicable time limits did not constitute a timely filing. See, also, Statev. Spears (Mar. 4, 1999), Hocking App. No. 98 CA 21, unreported. A filing is timely only if it is filed with the court clerk within the appropriate time limits. The jailer does not represent the court for filing purposes. State ex rel. Tyler v. Alexander,supra.
In the instant case, appellant had until December 16, 1999 to file a timely notice of appeal. His notice of appeal was not filed, however, until December 20, 1999.
Upon consideration, this court finds that the notice of appeal was not filed within the time provided by App.R. 4. Accordingly, the court finds that it is without jurisdiction to consider this appeal and the appeal is hereby DISMISSED.
Appeal Dismissed. Costs to Appellant.
HARSHA, J. KLINE, P.J.: Concur
FOR THE COURT
 ____________________________________ PETER B. ABELE