OPINION AND JOURNAL ENTRY
This cause comes on consideration of appellant's Application for Reopening of Direct Appeal filed June 22, 2000.
It may be gleaned from the record that on February 10, 1993, appellant was sentenced to a term of 5 to 15 years incarceration after his conviction for robbery. Appellant states by way of affidavit that he delivered to prison authorities for mailing to the clerk a notice of appeal no later than March 7, 1993. Due to a delay in the prison mailing system the notice of appeal was not file-stamped by the Clerk of Courts until March 16, 1993, alleged to be one day beyond the time period for filing permitted by rule. Thereafter, this court entered an order granting appellant time to comply with App.R. 5(A) regarding delayed appeal in criminal cases and explain why the appeal was not timely filed. Appellant contends that he never received a copy of such order (mailed copies were returned with the stamp "refused") and that he was surprised to later receive an order of dismissal from this court.
In support of his Application for Reopening appellant asserts that this court erred in its dismissal, as the delivery of the notice of appeal to the prison authorities is the functional equivalent to filing in the Clerk's office. Appellant argues that the seminal case on such issue isState v. Williamson (1967), 10 Ohio St.2d 195 which held:
 "In our opinion, a defendant incarcerated in prison and acting without the aid of counsel files his notice of appeal in time, if, within the 20-day period specified in Section 2505.07, Revised Code, he delivers such notice to the proper prison authorities for forwarding to the court. In such a case, the jailer in effect represents the lower court within the meaning of Section 2505.04, Revised Code. We believe that such a conclusion is required by Fallen v. United States (1964), 378 U.S. 139."
 Williams, supra was cited as controlling law in the later decision ofState v. Westfall (1976), 46 Ohio St.2d 31, where prison authorities mailed the notice of appeal to the wrong county and a copy was not filed with the proper clerk until after the allowable time had passed.
The Second District also applied Williams, supra in the decision announced in State v. Owens (1997), 121 Ohio App.3d 34 where that court, in an application for reconsideration of its dismissal order, found thatOwens substantiated his claim that he had timely submitted his notice of appeal to the prison authorities. The Second District granted the application and proceeded to consider the merits of his appeal. As noted in headnote 1:
 "With respect to ordinary filings, the date of receipt rather than the date of mailing is deemed the date of filing; however, with respect to inmates of prisons, ordinarily the date of delivery to prison authorities for mailing is deemed the date of filing."
Appellant urges this court to adopt the view that appellant timely submitted his notice of appeal for filing and that it was error to dismiss his appeal.
There is a contrary position expressed by the Ohio Supreme Court decision announced in State ex rel. Tyler v. Alexander (1990),52 Ohio St.3d 84. Appellant attempts to distinguish Alexander by stating:
 "In Alexander, the court was dealing with a discretionary appeal from the denial of a request for post-conviction relief, which itself is also a discretionary appeal. In the current case, the issue is the denial of a first direct appeal as of right, which is guaranteed by Section 3, Article IV of the Ohio Constitution and Ohio Rev. Code 2953.02, which itself must comport with due process requirements guaranteed under the Fifth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment to the United States Constitution."
Our reading of Alexander discloses that inmate Tyler filed a complaint in mandamus alleging that the Adult Parole Authority unconstitutionally revoked his parole. The warden of the institution where Tyler was housed filed a motion to dismiss the complaint. It was granted on December 29, 1989. Tyler claims that he then entrusted his Notice of Appeal with the prison authorities on January 27, 1990. The notice of appeal was not file-stamped with the Court of Appeals until February 5, 1990, beyond the 30-day time period allowed by the Supreme Court Rules of Practice. The Ohio Supreme Court refused to hear the appeal which had been filed as of right. Succinctly stated, the court held at page 85:
 "* * * we reject appellant's suggestion that `filed in the court from which the case is appealed' really means `delivered to the prison mail room.'"
The Supreme Court rejected appellant's argument that Houston v. Lack
(1988), 487 U.S. 266 was binding on the court. The Ohio Supreme Court viewed Lack, supra as a case involving an interpretation of a federal statute and the Federal Rules of Appellate Procedure and not on any constitutional provision.
Contrary to appellant's assertion that Alexander is distinguishable as a discretionary appeal, we find that it is a more recent pronouncement from the Ohio Supreme Court on the issue presented in this case. We are bound to follow decisions of the Ohio Supreme Court and find no distinguishing features between Alexander and the case at bar. We further note that there is an apparent conflict with this decision and that announced in Owens, supra. However, it appears that the real conflict exists between the Supreme Court decisions announced in Alexander andWilliamson. It is within the province of the Ohio Supreme Court or state legislature to clarify the law in this area.
There is an additional reason to deny the Application for Reopening. Under App.R. 26(B)(1):
 "A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel * * *."
The rule then goes on to require appellant to list assignments of error and supporting argument not presented by appellate counsel. That rule does not apply to the circumstances presented in this case. There can be no claim of ineffective appellate counsel when no direct appeal was presented, absent a dismissal of the appeal due to appellate counsel's failure to file a brief.
Finally, the evidence offered by appellant to assert that his notice of appeal was timely submitted to the prison authorities is a self-serving affidavit. While appellant contends that the notice of appeal would not have had to be filed until Monday, March 15, 1993, (and was actually time-stamped on March 16, 1993), the thirtieth day after February 10, 1993 is actually Friday, March 12, 1993. Under App.R. 14(A) the day of the act from which the time period commences is not included, but the last day of the computed period is included unless a Saturday, Sunday or holiday. Therefore, the notice to be timely had to be filed on or before March 12, 1993.
For all the above stated reasons, the Application for Reopening is denied.
Costs of this proceeding taxed against appellant.
Clerk to serve a copy of this order on counsel and the Jefferson County Prosecutor.
Vukovich, J., dissents and would grant the Application.
Cox, P.J., concurs.
Donofrio, J., concurs.
Vukovich, J., dissents.