DECISION JUDGMENT ENTRY
On November 8, 2000, it appearing that this appeal was not timely filed because the Judgment Entry from which this appeal is taken was filed on September 21, 2000 and the Notice of Appeal was filed on October 24, 2000, this court ordered appellant, William Landis, to file a memorandum addressing this issue. Landis filed a memorandum stating that his Notice of Appeal was placed in the Noble Correctional Institution mail on October 19, 2000.
This filing of a timely notice of appeal is jurisdictional. See, generally, State v. Fisher (1975), 46 Ohio App.2d 279; Bosco v. City ofEuclid (1974), 38 Ohio App.2d 40; Richards v. Industrial Commission
(1955), 163 Ohio St. 439. The time for filing a notice of appeal is governed by App.R. 4 and, pursuant to App.R. 14(B), a court may not enlarge the time for filing a notice of appeal. Ross v. Harden (1982),8 Ohio App.3d 34.
Landis asserts that his Notice of Appeal was timely filed because he delivered it for mailing on October 19, 2000. This is not the law in Ohio. In State ex rel. Tyler v. Alexander (1990), 52 Ohio St.3d 84, the Ohio Supreme Court held that delivery of a filing to a prison mailroom within the applicable time limits did not constitute timely filing. See, generally, Fex v. Michigan (1993), 507 U.S. 43. See, also, State v.Miller (Aug. 31, 2000), Ross App. No. 99-CA2506, unreported; State v.Ramage (Feb. 18, 2000), Highland App. No. 99 CA 25, unreported. A filing is timely only if it is filed with the court within the appropriate time limits. The jailer does not represent the court for filing purposes.Tyler, supra.
Landis had until October 23, 2000 (since October 21, 2000 landed on a Saturday) to file a timely notice of appeal. Landis' Notice of Appeal was not filed until October 24, 2000.
Upon consideration, this court finds that the notice of appeal was not filed within the time provided by App.R. 4. Accordingly, the court finds that it is without jurisdiction to consider this appeal and the appeal is hereby DISMISSED.
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED and that appellee recover of appellant costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Harsha, J. and Evans, J. Concur
 ____________________________________ Peter B. Abele, Administrative Judge