DECISION AND JOURNAL ENTRY
Ralph Buckwald appeals from the decision of the Lorain County Court of Common Pleas, denying his petition for post-conviction relief. This court affirms.
On January 12, 1998, Buckwald was convicted of one count of assault on a peace officer, in violation of R.C. 2903.13(A), a fourth degree felony, and one count of resisting arrest in violation of R.C. 2921.33(A), a second degree misdemeanor. Buckwald was sentenced to a sixteen-month prison term on the felony charge, with a concurrent three-month sentence on the misdemeanor. Buckwald filed a direct appeal and the trial transcript was filed with this court on May 21, 1998. Ultimately, the direct appeal was dismissed due to Buckwald's failure to prosecute the appeal. On November 19, 1998, Buckwald filed a pro se petition for post-conviction relief. The trial court denied the petition without an evidentiary hearing, finding that Buckwald's petition raised issues that could have been raised on direct appeal, and were thus barred by resjudicata.
Buckwald filed the instant appeal, assigning five errors. Two assigned errors challenge trial court's denial of the petition for post-conviction relief without a hearing and the trial court's "generic finding of fact and conclusion of law." However, Buckwald's petition was not filed within the time prescribed by R.C. 2953.21(A)(2). The petition was required to be filed within one hundred eighty days of the date the trial court transcript was filed in the direct appeal. In this case, the petition was not filed until one hundred eighty-two days later.
Buckwald questions the fact that the trial court time-stamped and journalized the petition on November 19, 1998, although the petition was mailed on November 15, 1998. However, Buckwald offers no legal argument why the petition should not be deemed untimely filed. There is no prison mailbox rule in Ohio. See State, ex rel. Tyler, v. Alexander (1990),52 Ohio St.3d 84. A motion for post-conviction relief is deemed filed when received by the court. Buckwald has not offered any evidence that his petition was timely.
The trial court may not consider an untimely petition for post-conviction relief unless the petitioner makes certain threshold showings, pursuant to R.C. 2953.23. The petitioner must show either (1) that he was unavoidably delayed from discovery of the facts upon which his petition is based or (2) that the United States Supreme Court has recognized a new federal or state right that applies retroactively to petitioner's situation and his petition is based on this new right. R.C.2953.23(A)(1). Petitioner must also show by clear and convincing evidence that, but for the constitutional error at trial, no reasonable factfinder would have found him guilty of the offense. R.C. 2953.23(A)(2).
Buckwald has made none of these showings. The facts Buckwald alleges he discovered after trial were discovered on September 28, 1998, nearly two months before he filed his petition for post-conviction relief. Buckwald has not premised his late filing on the United States Supreme Court's recognition of a new federal or state right. Thus, Buckwald has not made the first prong of the two-part threshold showing that he had to make in order for the trial court to even consider his petition.
Consequently, the trial court could not consider Buckwald's petition, and it properly denied it without an evidentiary hearing. Buckwald's first two assignments of error are overruled. The remaining three assignments of error, dealing with the merits of his petition, are overruled as moot.
Having overruled all the assignments of error, we affirm the judgment of the trial court.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ WILLIAM R. BAIRD
SLABY, J., CARR, J., CONCUR.