OPINION
Petitioner Harold D. Brown appeals a judgment of the Court of Common Pleas of Licking County, Ohio, which denied his motion for production of documents filed July 20, 2000.
 STATEMENT OF THE CASE AND FACTS
The record indicates appellant was convicted and sentenced in February of 1994 for complicity to aggravated robbery with a firearm, in violation of R.C. 2923.03, 2911.01 and 2941.141, and receiving stolen property, in violation of R.C. 2913.51. This court affirmed appellant's conviction on direct appeal in State v. Brown (April 27, 1995), Licking App. No. 94CA22, unreported. Appellant filed a petition for post conviction relief on March 18, 1996, amended it March 20, 1996, but withdrew it April 25, 1996. Appellant re-filed his petition for post conviction relief on September 19, 1996, and the trial court denied it on October 22, 1996. On appeal, this court remanded the matter for an evidentiary hearing, see State v. Brown (June 6, 1997), Licking Appellate No. 97CA4, unreported. Upon remand, the trial court held an evidentiary hearing, and then denied appellant's petition for post conviction relief on July 23, 1997. This court affirmed that judgment in State v. Brown (November 11, 1999), Licking Appellate No. 99CA97, unreported. On May 2, 2000, appellant filed another petition for post conviction relief. The trial court denied it without an evidentiary hearing on June 5, 2000. This court dismissed the appeal, finding that appellant had not demonstrated that he met the requirements of R.C. 2953.23 regarding successive petitions for post conviction relief.
On July 20, 2000, appellant filed a motion for production of documents, requesting a copy of his trial transcript. The trial court denied appellant's motion by Judgment Entry, filed on August 9, 2000. On September 11, 2000, appellant filed a Notice of Appeal. It is from the August 9, 2000, Judgment Entry that appellant appeals, raising the following assignment of error:
 THE TRIAL COURT HAS COMMITTED PLAIN ERROR, ABUSE OF DISCRETION, AND IS DERELICT IN IT'S [SIC] DUTY BECAUSE IT HAS DENIED THE APPELLANT OF HIS FUNDAMENTAL CONSTITUTIONAL RIGHT OF ACCESS TO THE COURTS BY FAILING TO ORDER THE CLERK OF COURTS TO FIND THE APPELLANT'S LOST TRIAL TRANSCRIPT, AND HAVE IT AVAILABLE; IN ORDER FOR THE APPELLANT'S TAX PAYING FAMILY TO PURCHASE ON HIS BEHALF SINCE HE IS INDIGENT, AND HAS NEVER RECEIVED A COPY FROM THE CLERK OF COURTS.
The case has been assigned to the court's accelerated calendar. Before we can address appellant's assignment of error, we must determine if this court has jurisdiction to consider this matter. A review of appellant's notice of appeal reveals that the notice was not timely filed. Appellate Rule 3 requires that the notice of appeal be filed with the clerk of the trial court within the time allowed by App.R. 4. Appellate Rule 4 requires that a "party shall file the notice of appeal required by App.R. 3 within thirty days of the . . . entry of the judgment or order appealed. . . ." A filing is timely only if it is filed with the court clerk within the appropriate time limits. State ex rel. Tyler v. Alexander, 52 Ohio St.3d 84. The filing of a timely notice of appeal is jurisdictional. See, generally, State v. Fisher (1975), 46 Ohio App.2d 279; Bosco v. City of Euclid (1974), 38 Ohio App.2d 40; Richards v. Industrial Commission (1955), 163 Ohio St. 439. In the instant case, the record reveals that the trial court's Judgment Entry was filed August 9, 2000. Therefore, appellant had until September 8, 2000, to file a notice of appeal. His notice of appeal was not filed, however, until September 11, 2000. Upon consideration, this court finds that the notice of appeal was not filed within the time provided by App.R. 4. Accordingly, the court finds that it is without jurisdiction to consider this appeal. However, were we to address appellant's assignment of error, we would overrule appellant's motion pursuant to our finding in State v. Brown (September 1, 2000), Licking Appellate No. 00CA52, unreported. In Brown, Id., appellant raised an assignment of error which claimed that the trial court abused its discretion when it failed to supply appellant with a complete copy of his transcript. We found that the record revealed that appellant had been provided a copy of the transcript for use in his direct appeal and that the State need provide an appellant with only one copy of a transcript. Id (relying upon State ex rel. Murr v. Thierry (1987),34 Ohio St.3d 45, which held that where an indigent prisoner received a transcript in connection with his direct appeal, he was not entitled to an additional copy during post conviction proceedings). While appellant claims he never received a copy of the transcript, the record indicates otherwise.
As this court has found that it is without jurisdiction to consider this appeal, this appeal is dismissed.
By Edwards, J. Hoffman, P.J. and Wise, J. concurs.