OPINION
Defendant-appellant Darnell Walker appeals the decision of the Mahoning County Common Pleas Court which denied his petition for postconviction relief on the grounds that it was untimely filed. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF THE CASE
In mid-1991, appellant was indicted for aggravated trafficking in cocaine, having a weapon while under disability and possession of criminal tools, all resulting in Case No. 91CR621. In June 1992, the state dismissed the fourth degree felony weapons under disability charge and lowered the aggravated trafficking charge from a second degree felony to a third degree felony. In return, appellant pled guilty to a third degree felony (aggravated trafficking) and a fourth degree felony (possession of criminal tools). On April 22, 1993, the court sentenced appellant to two years on the trafficking charge and eighteen months on the criminal tools charge, said sentences to run consecutively. However, the court suspended these sentences and placed appellant on probation for two years.
In the meantime, appellant was indicted in September 1992 in Case No. 92CR793 for knowingly obtaining, possessing or using cocaine, a fourth degree felony. Appellant pled guilty as charged. On March 25, 1993, the court sentenced appellant to one year of incarceration but suspended the sentence and placed appellant on probation for two years.
While appellant was serving his aforementioned probation, he apparently incurred federal charges which resulted in a revocation of said probation in November 1994.
On July 6, 1999, appellant filed the transcripts from his plea hearings in Case Nos. 91CR621 and 92CR793 as exhibits in support of a postconviction petition seeking relief from his guilty pleas in both of those cases. On March 16, 2000, the trial court dismissed the petition as untimely filed.
Appellant filed the within appeal from the trial court's dismissal. Before addressing the propriety of this dismissal, we must address the state's contention that we must dismiss this appeal as untimely filed. The reason we must address the timeliness of the appeal prior to entertaining appellant's arguments is that the "notice of appeal is jurisdictional." See, e.g., State ex rel. Tyler v. Alexander (1990),52 Ohio St.3d 84, 85. Hence, if the notice of appeal is untimely filed, then we have no jurisdiction to proceed. See, e.g., In the Matter of theGuardianship of Thornburg (Mar. 26, 1997), Mahoning App. No. 96CA47, unreported, 2 (noting that the timeliness of the appeal, i.e., our jurisdiction, must be resolved as an initial matter).
 TIMELINESS OF APPEAL
The trial court's judgment being appealed was entered on March 16, 2000. On June 16, 2000, appellant filed notice of appeal in which he claims that he did not receive notice of the judgment until June 12, 2000 when he received it by mail. The state contends that appellant's notice of appeal is untimely as it was filed more than thirty days after the trial court's judgment was entered. However, App.R. 4(A) requires notice of appeal to be filed within thirty days of the entry of judgment or, in a civil case, service of notice of judgment and its entry if service was not made on the party within the three day period in Civ.R. 58(B). A postconviction relief proceeding is civil in nature. State v. Nichols
(1984), 11 Ohio St.3d 40, 43 (specifically stating that postconviction relief proceedings are governed by the Ohio Rules of Appellate Procedure as applicable to civil actions).
Pursuant to Civ.R. 58(B), the court must endorse a direction on the judgment ordering the clerk to serve all parties notice of the judgment and the date of entry upon the journal. Then, within three days of entering the judgment, the clerk must serve the parties and note service in the appearance docket. Civ.R. 58(B) also notes that the failure to serve notice affects the running of the time for appeal as provided in App.R. 4(A).
In appellant's cases, the clerk's docket does not evidence service upon appellant. See State v. Stevens (June 12, 1998), Montgomery App. No. 16562, unreported (holding that an appeal is timely filed where the defendant was not served with notice of judgment in a postconviction proceeding and advising the county prosecutor's office to warn the clerk's office that it is their duty to serve notice on defendants in postconviction relief proceedings). See, also, State ex rel. Smith v.Fuerst (2000), 89 Ohio St.3d 456, 457 (stating that it is the clerk's duty to serve notice and note the service in the docket in a postconviction proceeding). Here, the trial court's judgment entry ends with "cc:," followed by the name of the prosecutor and, a few spaces down, appellant's address in prison. However, we can find no explicit direction in the record for the clerk to serve notice on appellant.
Appellant states that he was served notice of the court's March 16, 2000 denial on June 12, 2000. He filed notice of appeal on June 16, 2000. Because the clerk's docket does not reflect service of notice, we have no alternative but to consider his appeal as being timely filed with this court under App.R. 4(A) and Civ.R. 58(B) as it was filed within thirty days of his acknowledged receipt of the judgment and there is no record of service prior to said receipt. See Whitehall ex rel. Fennessyv. Bambi Motel (1998), 131 Ohio App.3d 734; Your Financial Community ofOhio, Inc. v. Emerick (1997), 123 Ohio App.3d 601. Because appellant's appeal was timely filed, we shall proceed to address his arguments concerning the trial court's dismissal of his petition on the grounds that it was filed untimely.
 TIMELINESS OF POSTCONVICTION PETITION
Pursuant to R.C. 2953.21(A)(2), a defendant who appeals his conviction, must file any postconviction relief petition within one hundred eighty days from the date on which the trial transcript is filed in the appellate court on the direct appeal. If no appeal is filed, the postconviction relief petition must be filed within one hundred eighty days after the expiration of the time for the direct appeal. Defendants whose sentences were imposed prior to September 21, 1995, the statute's effective date, must file any petition within the aforementioned statutory time or one year from the statute's effective date, whichever is later. S.B. 4 § 3.
In this case, appellant did not appeal his convictions, and his sentences were imposed prior to September 21, 1995. Thus, he had until September 21, 1996 to file his petition for postconviction relief. SeeState v. Oracio (Dec. 17, 1998), Mahoning App. No. 96CA131, unreported, 1. However, he did not file his petition until mid-1999. As such, appellant's petition for postconviction was untimely filed. However, this does not end our inquiry as a court must still entertain an untimely postconviction relief petition under certain circumstances.
 REQUIREMENTS FOR ENTERTAINING AN UNTIMELY FILED PETITION
Pursuant to R.C. 2953.23(A)(1)(a) and (b), a court may not consider an untimely filed petition for postconviction relief unless the petitioner shows that he was unavoidably prevented from discovering the facts upon which his petition is based or the United States Supreme Court has recognized a new retroactive right. If the petitioner can show one of these two threshold requirements, the petitioner must then demonstrate by clear and convincing evidence that a reasonable trier of fact would not have convicted him but for the constitutional error. R.C. 2953.23(A) (2). In the case at bar, appellant claims that his prior guilty pleas were involuntary. He points to the plea hearing transcript in Case No. 92CR621 and claims that the court failed to inquire whether he understood the elements of the aggravated trafficking charge.[1] Appellant then points to the plea hearing transcript in Case No. 92CR793 and claims that the court did not inform him of the elements of the crime.[2]
Regardless of whether appellant's arguments have merit, he makes no allegation that he was unavoidably prevented from discovering the facts upon which his petition is based nor does he argue that the Supreme Court recognized some new right applicable herein. Because appellant failed to meet either of the alternative threshold requirements, the trial court was without jurisdiction to consider his petition. See, e.g., State v.Springs (Mar. 11, 1999), Mahoning App. No. 97CA68, unreported, 2; Statev. Parks (Sept. 15, 1998), Jefferson App. No. 96JE47, unreported, 2-3. See, also, State v. Boyle (Oct. 6, 2000), Richland App. No. 00CA34, unreported, 3, citing State v. Hill (1998), 129 Ohio App.3d 658.
Appellant cites Bousley v. United States (1998), 523 U.S. 614 and claims that the time limits and apparently the threshold requirements for postconviction relief petitions do not apply to defendants who claim that they are "actually innocent." He concludes that he is actually innocent because his guilty plea was not knowing, voluntary or intelligent. First, even if a guilty plea is not entered knowingly, voluntarily or intelligently, it does not automatically follow that the defendant is actually innocent. Second, as can be gleaned from the above review of the postconviction relief statutes, there are certain requirements for filing an untimely petition and an allegation of actual innocence is not one of them. Furthermore, as the state posits, appellant's citation to Bousley
is misplaced. That case dealt with the standard for reviewing a federal habeas claim where the offender procedurally defaulted his state claims and there is a reasonable probability that the offender is actually innocent. Bousley does not concern the review conducted by state courts. See Edwards v. Carpenter (2000), 529 U.S. 446 (an appeal from the Ohio court system). Therefore, appellant's argument, that those who claim they are actually innocent need not timely file postconviction relief petitions, is overruled.
For the foregoing reasons, the judgment of the trial court denying appellant's petition for postconviction relief is hereby affirmed.
 _________________ VUKOVICH, P.J.
Donofrio, J., concurs.
Waite, J., concurs.
[1] It should be noted that the court asked if appellant's attorney explained the elements of the charge to him. When appellant answered affirmatively, the court asked whether appellant understood the elements; appellant again answered in the affirmative. (Tr. 4). See Crim.R. 11(C)(2)(a), which requires a judge at a felony plea hearing to determine that the defendant is making the plea voluntary with understanding of the nature of the charge and the maximum penalty.
[2] In that case, it should be noted that the court stated that the elements of the crime were to knowingly obtain, possess or use cocaine. (Tr. 3).