OPINION
This appeal is brought by the appellant, John E. Bell, from a judgment of the Marion County Court of Common Pleas finding him to be a sexual predator pursuant to R.C. 2950.09(B)(1). Based on the following, we affirm the judgment of the trial court.
In 1990, the appellant was convicted of one count of Rape in violation of R.C. 2907.02(A)(1)(b). He was sentenced to ten to twenty-five years in prison. On May 3, 1991, we affirmed the conviction and sentence. The appellant's case came before us again when he appealed the trial court's decision denying him a new trial. On July 10, 1996, we affirmed the trial court's judgment once again.
While the appellant was still in prison for his offense, the Ohio Department of Rehabilitation and Correction recommended that the appellant be found a sexual predator. Based on this recommendation, the trial court held a hearing on October 11, 2001. By judgment entry filed on October 15, 2001, the court found the appellant to be a sexual predator by clear and convincing evidence. The appellant now brings the instant appeal, asserting one assignment of error for our review.
 ASSIGMENT OF ERROR Whether the trial court committed [*reversible] [sic] error in violation of Article I, Section 10, of the United States Constitution; Article II, Section 28, of the Ohio Constitution; the Equal Protection, Due Process and Double Jeopardy of the 14th Amendment, in labeling the defendant-appellant, a sexual predator, pursuant to O.R.C. § 2950.09(B) for purposes of sexual offender registration and notification.
We note preliminarily that the appellee asserts the appellant's appeal was not timely filed. Upon consideration the court finds that appellant is incarcerated and the attachments to his memorandum show that he delivered his notice of appeal to prison authorities for mailing on the twenty-first day after the date of judgment, but that same was not received and filed by the clerk until the thirty-seventh day.
An inmate files his notice of appeal in time, if, within the period specified, he delivers such notice to the proper prison authorities for forwarding to the court.[1] Because the appellant's notice of appeal was appropriately delivered within the requisite number of days for filing an appeal, we find that the appellant's appeal was timely.
The appellant raises several constitutional challenges to his sexual predator classification in his lengthy assignment of error. For the following reasons, we disagree with all of the appellant's arguments.
As a preliminary matter, we note that the appellant complains in his "Rebuttal of Appellee's Brief" that the trial court has not included a transcript of his sexual predator hearing for his appeal. Because the appellant raises only constitutional challenges to the sexual predator law, we believe that a transcript is unnecessary for our review.
Both the Ohio State Supreme Court and this Court have previously addressed all of the issues that the appellant raises here. In State v.Cook,[2] the Ohio State Supreme Court held that R.C. 2950.09(B)(1) does not violate either the Retroactivity Clause of the Ohio Constitution or the Ex Post Facto Clause of the United States Constitution.[3]
The Cook decision also held that the notification and registration requirements contained in the sexual predator law are remedial in nature, rather than punitive.[4] Relying on this holding, we found inState v. Ihle that R.C. 2950 is not violative of the Cruel and Unusual Punishment Clauses of the Ohio or the United States Constitution.[5]
The Ohio State Supreme Court has also addressed whether R.C. 2950 is unconstitutional under the Due Process and Equal Protection Clauses of the Constitution. In State v. Williams, the court upheld R.C. 2950 against both of these provisions.[6] That same decision found that R.C. 2950 does not infringe on an individual's right to privacy.[7]
Accordingly, the appellant's sole assignment of error is not well-taken and is hereby denied.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
SHAW, P.J., and WALTERS, J., concur.
[1] State v. Westfall (1976), 46 Ohio St.2d 31; State v. Williamson
(1967), 10 Ohio St.2d 195.
[2] (1988), 83 Ohio St.3d 404.
[3] Id., paragraphs one and two of the syllabus.
[4] Id. at 413.
[5] (May 5, 2000), Auglaize App. No. 2-2000-05, unreported.
[6] (2000), 88 Ohio St.3d 513.
[7] Id. at 525.