OPINION
This matter is before us on the appeal of Anthony Hansbro, pro se, from an order dismissing his petition for post-conviction relief. In support of his appeal, Hansbro raises the following assignments of error (quoted verbatim):
 "I. Trial court erred and abused its discretion by adopting the prosecution's proposed order that was tendered for filing outside of the statutory guidelines pursuant to R.C. 2953.21(D) making the court's adoption of the order prejudicial and not harmless error.
 "II. Trial court erred to the prejudice of the Appellant by not providing Appellant opportunity to file a responsive pleading to the prosecution's untimely proposed order, where Appellant had a right to request the trial court strike the proposed order as untimely.
 "III. Trial court erred to the prejudice of the Appellant by not issuing sufficient findings of fact and conclusions of law pursuant to State v. Mapson
(1982), 438 N.E.2d 910, which requires the trial court to make and file findings of fact and conclusions of law as to the substantive basis of each claim for relief contained in the matter.
 "IV. Trial court erred in not granting Appellant's request for summary judgment where Appellant's claims remain unrebutted by the State, who failed to timely plead and answer the petition pursuant to R.C. 2953.21(D) and construing the facts in light of the non-moving party, reasonable minds would conclude that Appellant is entitled to relief according to law."
 I
This is Hansbro's third appeal involving his guilty plea, conviction, and sentence on a burglary charge. Hansbro pled guilty to burglary on December 13, 1999, and was sentenced the same day to four years in prison. Subsequently, on December 20, 1999, Hansbro filed a notice of appeal. The transcript for the appeal was filed in the direct appeal on February 17, 2000. Ultimately, we affirmed Hansbro's conviction and sentence. See State v. Hansbro (Dec. 22, 2000), Clark App. No. 99-CA-93, 2000 WL 1867510 (rejecting a claim that the trial court erred in accepting the guilty plea). Shortly thereafter, we affirmed the trial court's denial of a motion to vacate the guilty plea. See State v.Hansbro (Dec. 29, 2000), Clark App. No. 2000-CA-27, 2000 WL 1879099.
In the meantime, Hansbro filed a petition for post-conviction relief in the trial court. The petition was file-stamped August 24, 2000. On the same day, Hansbro filed a motion, asking the court to allow him to file supporting documentation at a later date. In the motion, Hansbro claimed [sic] "unreconciable circumstances," in that certain of his property was secured at another location in the prison. Hansbro then filed a motion, with supplemental information attached, on August 30, 2000.
The State did not file a response to the petition, and no action took place in the trial court regarding the petition for over a year. Finally, on September 6, 2001, Hansbro filed a motion for summary judgment. The State did not file a response to this motion, either. However, on September 17, 2001, the trial court filed an order dismissing the petition because 188 days had elapsed between filing of the transcript and the filing of the petition for post-conviction relief.
In the first assignment of error, Hansbro contends that the trial court erred by adopting the State's "proposed order" of findings of fact and conclusions of law, which was allegedly filed outside the statutory guidelines in R.C. 2953.21(D). The second assignment of error challenges the trial court's failure to give Hansbro a chance to respond to the State's proposed order. And finally, the fourth assignment of error also relates to this point, as Hansbro claims that the trial court should have granted summary judgment in his favor, due to the State's failure to respond to the petition and summary judgment motion.
As a preliminary point, we note that the record does not contain any "proposed order" of findings of fact and conclusions of law. In this regard, Hansbro claims that on September 12, 2001, the prosecutor tendered for filing proposed findings of fact and conclusions of law. However, no such document appears in the record. In fact, the record is devoid of any response from the State to Hansbro's petition. The only entries that appear in the trial court record for September, 2001, are: Hansbro's motion for summary judgment (filed on September 6, 2001), and the trial court's order dismissing the petition (filed on September 17, 2001). Therefore, the trial court could not have erred either by considering something that was apparently never filed, or by failing to allow Hansbro to respond. Nonetheless, even if the State had filed a proposed order, any error would have been harmless.
In the first place, the State was not required to file a response to the post-conviction petition, and the trial court did not have to consider the State's response, if any, before ruling on the petition. In this regard, R.C. 2953.21(D) provides that "[w]ithin ten days after the docketing of the petition, or within any further time that the court may fix for good cause shown, the prosecuting attorney shall respond by answer or motion. Within twenty days from the date the issues are made up, either party may move for summary judgment. The right to summary judgment shall appear on the face of the record."
This provision has been held directory, not mandatory. See State v.Sklenar (1991), 71 Ohio App.3d 444, 446, and State ex rel. Manning v.Montgomery (1988), 39 Ohio St.3d 140. Thus, if Hansbro wanted the trial court to rule on his petition, he could simply have asked the court to rule, and no response from the State would have been required.39 Ohio St.3d at 140. Effectively, this is what Hansbro asked the trial court to do when he filed a motion for summary judgment.
The trial court also has the power, under R.C. 2953.21, to analyze the merits of the petition sua sponte, to see if an evidentiary hearing is required. State v. Wiles (1998), 126 Ohio App.3d 71, 78. Consequently, the State's response was not required before the trial court made its decision. Although we would not recommend that the State generally follow the course of action which was taken in this case, any deficiencies did not cause harm to Hansbro. Instead, the court, consistent with its duties, evaluated the petition. True, the court did not reach the actual substantive merits, but this was because the defect appeared on the face of the petition and the record. The court did not need help from the State to discover that the petition was untimely. Compare State v. Sharif (Sept 27, 2001), Cuyahoga App. No. 79325, 2001 WL 1152832, *2 (holding that "[t]he requirement that appellant timely file his petition is a statutory requirement that cannot be waived by the State").
In view of the above discussion, the first, second, and fourth assignments of error are without merit and are overruled.
 II
In the third assignment of error, Hansbro claims that the trial court's findings of fact and conclusions of law were insufficient under State v.Mapson (1982), 1 Ohio St.3d 217, which requires trial courts to make findings of fact and conclusions of law concerning the substantive basis of each claim for relief in the petition. In Mapson, the Ohio Supreme Court held that "R.C. 2953.21 mandates that a judgment denying post-conviction relief include findings of fact and conclusions of law, and that a judgment entry filed without such findings is incomplete and it thus does not commence the running of the time period for filing an appeal therefrom." Id. at 218.
The court went on to note in Mapson that "[t]he obvious reasons for requiring findings are" * * * to apprise petitioner of the grounds for the judgment of the trial court and to enable the appellate courts to properly determine appeals in such a cause. "* * * The existence of findings and conclusions are essential in order to prosecute an appeal. Without them, a petitioner knows no more than he lost and hence is effectively precluded from making a reasoned appeal. In addition, the failure of a trial judge to make the requisite findings prevents any meaningful judicial review, for it is the findings and the conclusions which an appellate court reviews for error." Id. at 219.
Due to later changes in the post-conviction relief statutes, various appellate districts have held Mapson inapplicable where petitions are dismissed on the ground of untimeliness. For example, in State v.Beaver (1998), 131 Ohio App.3d 458, the Eleventh District Court of Appeals explained that findings of fact and conclusions of law are not required because "[a] case where the trial court dismisses a petition on the ground that it is time-barred is vastly different from the case where the trial court reviews the merits of the petition and holds that it fails to state `substantive grounds for relief.' A decision as to the merits of the petition requires findings and conclusions in order for the petitioner to make a reasoned appeal and to allow meaningful review by the appellate court. But a decision that a petition is time-barred precludes any further inquiry into its merits. The petitioner knows exactly why his petition was dismissed, and the appellate court can review the decision by looking at the filing dates of various documents in the record. Findings of fact and conclusions of law are not necessary in this situation. Making and filing them would be a useless exercise." Id. at 484. See also State v. Carter (Aug. 29, 2001), Summit App. No. 20572, 2001 WL 986210, *4 (Ninth District Court of Appeals agrees with Beaver, and notes that the Eighth, Eleventh, and Twelfth Districts have all taken the position that findings of fact and conclusions of law are not required where a petition is dismissed as untimely). Likewise, the Seventh District Court of Appeals has adopted this view. See State v.Newman (Dec. 24, 2001), Columbiana App. No. 00 CO 52, 2001-Ohio-3382, 2001 WL 1667862, *3.
Upon consideration, we agree with the above appellate districts, and hold that findings of fact and conclusions of law are not required when petitions for post-conviction relief are dismissed as untimely. Where the defect can be found by simply looking at the date on the petition and comparing it to other dates in the record (as in the present case), no further explanation is needed.
Hansbro admits that his petition was not filed within 180 days after the transcript was filed. However, he says this is not an issue because the petition was timely delivered to authorities at Lebanon Correctional Institution on August 11, 2000, i.e., within the 180 day time period. As a result, Hansbro contends that the petition was timely under our decision in State v. Owens (1997), 121 Ohio App.3d 34, which held that "the date of delivery to prison authorities for mailing is deemed the date of filing." Id. at 36.
As an initial point, we note that Hansbro did not offer evidence in the lower court as to the date on which he had given his petition to prison authorities. Therefore, we cannot consider this added factual allegation on appeal. See, e.g., State v. Ishmail (1978), 54 Ohio St.2d 402, paragraph one of the syllabus (reviewing court cannot add matter to the record that was not part of trial court proceedings, and then decide appeal on the basis of the new matter).
However, even if the record contained appropriate factual support, we would not follow Owens. In this regard, we note that Owens was a per curiam decision issued in June, 1997. Since that time, we have twice rejected the approach taken in Owens. See State v. Smith (1997),123 Ohio App.3d 48, 50, and State v. Finfrock (Oct. 16, 1998), Montgomery App. No. 16944, 1998 WL 726478. In Finfrock, we commented that "notwithstanding our recent decision in State v. Owens * * * a document is considered filed when it is filed with the clerk of courts, not when it is placed in the prison mailing system." 1998 WL 726478, *10, n. 1, citing State ex rel. Tyler v. Alexander (1990), 52 Ohio St.3d 84. Other appellate districts have also rejected a "prison mail rule." See, e.g.,State v. Clement (June 27, 1995), Franklin App. No. 95APA01-101, 1995 WL 390795, *1; State v. Bowens (June 26, 1998), Ashtabula App. No. 97-A-0004, 1998 WL 553049, *3; and State v. Vroman (Apr. 15, 1997), Ross App. No. 96CA2258, 1997 WL 193168, *2.
In Tyler, the Ohio Supreme Court considered whether a notice of appeal delivered to prison authorities for mailing should be deemed filed with the court under S.Ct. Prac. R. I (1)(A), which requires notices of appeal to be "filed in the court from which the case is appealed." The court observed that this phrase could not reasonably be interpreted to mean "delivered to the prison mail room." 52 Ohio St.3d at 85. As a result, the court held that mail is not deemed "filed" when it is delivered to prison officials.
Previously, the Ohio Supreme Court held to the contrary in State v.Williamson (1967), 10 Ohio St.2d 195. The Ohio Supreme Court has not resolved this apparent conflict in its decisions. However, subsequent appellate decisions interpret Tyler as having effectively overruledWilliamson. See, e.g., Bowens, 1998 WL 553049, *3, and Vroman, 1997 WL 193168, *2. And, as we said, our own appellate district has followedTyler.
Although Tyler involved a notice of appeal, and the present case involves a post-conviction petition, this difference is irrelevant. Specifically, the Ohio Rules of Civil Procedure contain provisions for filing documents with the clerk that are similar to S.Ct. Prac. R. I.[1]
Concerning civil actions, Civ.R. 3(A) provides that "[a] civil action is commenced by filing a complaint with the court." Civ.R. 5(E) defines filing with the court as follows: "The filing of documents with the court, as required by these rules, shall be made by filing them with the clerk of court, except that the judge may permit the documents to be filed with the judge, in which event the judge shall note the filing date on the documents and transmit them to the clerk."
As the Ohio Supreme Court stressed, such a provision cannot be read as equating prison officials with the clerk of court. Accordingly, we reiterate that "a document is considered filed when it is filed with the clerk of courts, not when it is placed in the prison mailing system."Finfrock, 1998 WL 726478, *10, n. 1.
Since Hansbro's petition was clearly untimely, the trial court acted correctly in dismissing the petition. In this regard, R.C. 2953.23
provides that "a court may not entertain a petition filed after the expiration of the period prescribed in * * *" R.C. 2953.21(A)(2). Several appellate districts have held that R.C. 2953.23 deprives trial court of jurisdiction if filing requirements (including timeliness) are not met. See Newman (Dec. 24, 2001), Columbiana App. No. 00 CO 52, 2001 WL 1667862, *2 (Seventh District); Carter (Aug. 29, 2001), Summit App. No. 20572, 2001 WL 986210, *4 (Ninth District); State v. Proctor (Sept. 5, 2000), Butler App. No. CA99-08-139, 2000 WL 1251969, *2 (Twelfth District), State v. Beuke (1998), 130 Ohio App.3d 633, 636 (First District); and Sharif (Sept 27, 2001), Cuyahoga App. No. 79325, 2001 WL 1152832, *4 (Eighth District) ("[t]he provisions of R.C. 2953.23(A) are jurisdictional in nature; absent a petitioner's demonstration that the requisites set forth in R.C. 2953.23(A) apply, a trial court has no jurisdiction to determine the merits of the petition.") Similarly, the Eleventh District has held that R.C. 2953.23 is an "absolute prohibition on considering the merits of an untimely petition," with one narrow exception. Beaver, 131 Ohio App.3d 458, 462.
The narrow exception in R.C. 2953.23(A) is that a court may entertain an untimely or successive petition only if both the following apply:
"(1) Either of the following applies:
 "(a) The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 "(b) Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
"* * *
 "(2) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."
The above exception does not apply in the present case, as Hansbro did not claim either that he was prevented from discovering facts upon which his petition relied, or that a new federal or state right applied retroactively to his case. Morever, our own review of the post-conviction petition, and the materials supplementing the petition, does not indicate that Hansbro was even arguably prevented from discovering the facts upon which his petition was based. To the contrary, the facts that are alleged involve matters known to Hansbro and his mother at or near the time of his guilty plea.
In view of the preceding discussion, we find that the trial court did not err in failing to make findings of fact and conclusions of law on the substantive merits of the post-conviction petition. Because the defect plainly appeared in the record, no elaborate explanation was needed. The court also was correct in dismissing the petition, since it did not comply with the time requirements in R.C. 2953.21(A)(2), and no exception under R.C. 2953.23(A) applied. Accordingly, the third assignment of error is without merit and is overruled.
Since all assignments of error have been overruled, the judgment of the trial court is affirmed.
FAIN, J., and GRADY, J., concur.
[1] The Ohio Rules of Civil Procedure are generally applied because post-conviction proceedings are civil in nature. State v. Aldridge
(1997), 120 Ohio App.3d 122, 136.