DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, who is incarcerated, has filed a motion for reconsideration of this court's January 11, 2005 decision which denied his first motion for reconsideration because it was not timely filed. Appellant states that he delivered his first motion for reconsideration to the appropriate prison authorities on December 17, 2004, two days before the motion was due to be timely filed, and therefore, it was no longer in his control and should be deemed timely filed. In support of this contention, appellant cites State v. Williamson (1967), 10 Ohio St.2d 195
which states:
 {¶ 2} "[A] defendant incarcerated in prison and acting without the aid of counsel files his notice of appeal in time, if, within the 20-day period specified in Section 2505.07, Revised Code, he delivers such notice to the proper prison authorities for forwarding to the court. In such a case, the jailer in effect represents the lower court within the meaning of Section 2505.04, Revised Code. We believe that such a conclusion is required by Fallen v. United States (1964), 378 U.S. 139." Id. at 196.
 {¶ 3} Williamson was overruled by State ex rel. Tyler v. Alexander
(1990), 52 Ohio St.3d 84, where the court states:
 {¶ 4} "Tyler argues, citing Houston v. Lack (1988), 487 U.S. 266, that when a prisoner acting pro se, seeks to appeal an adverse judgment, we should consider his notice of appeal `filed' when he turns it over to the prison authorities for mailing.
 {¶ 5} "In Houston, the United States Supreme Court rested its holding on its interpretation of a federal statute and the Federal Rules of Appellate Procedure, and not on any constitutional provision. As such, it is not binding on us.
 {¶ 6} "Nor do we find Houston persuasive. In Houston, Justice Scalia observed in dissent that the court's interpretation of the phrase `filed with the clerk,' Fed.R.App.P. 4(a)(1), to mean `delivered to the warden of a prison' was `remote from plain English.' Houston, supra, at 280. Similarly, we reject appellant's suggestion that `filed in the court from which the case is appealed' really means `delivered to the prison mail room.'"
 {¶ 7} Accordingly, we find the motion for reconsideration not well-taken and it is denied.
Handwork, J., Singer, P.J. and Skow, J., Concur.